■    HELEN WILLIAMSON et al., Appellants, v. MARLENE POPKIN, Respondent.— In a negligence action to recover damages for personal and property injuries, loss of services, etc., plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered July 12, 1971 in favor of defendant, upon a jury verdict. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. In our opinion, a new trial is required on this record in the interests of justice because the jury was confused as to the principles of liability and this confusion was never completely resolved. Hopkins, Acting P. J., Latham, Gulotta and Christ, JJ., concur; Shapiro, J., dissents and votes to affirm.

■    MIRIAM ZAID, Respondent, v. MELVIN ZAID, Appellant. (Action No. 1.) (And Another Title.) — In a consolidated action for divorce, the husband appeals, as limited by his notice of appeal and his brief, from so much of a judgment of the Supreme Court, Nassau County, dated December 22, 1971, granting the wife a divorce after a nonjury trial, as (1) granted the wife exclusive occupancy of the marital home and directed the husband to pay the fuel bills, utility expenses and taxes on the home pending its court-ordered sale, (2) granted the wife $200 per week alimony and $40 per week support for each of the parties' two sons, (3) awarded the wife $2,040 as arrears in *pendente lite* payments, (4) directed the husband to pay the college tuition, room, board and book expenses of the parties' son Andrew for the school year 1971–1972 and (5) adjudged that one half of the net equity received by the husband from the sale of the marital home be held in escrow as security for the payment of alimony and support of the two sons. Judgment modified, on the facts, by (1) reducing the award of alimony from $200 to $125 per week, (2) adding to the fifth decretal paragraph thereof a provision that the arrears awarded therein shall be payable out of the proceeds of the sale of the marital home and (3) deleting therefrom the fourteenth paragraph, which directs that the husband's share of the proceeds of the sale of the marital home be held in escrow. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, the modifications made herein are required by the husband's loss of his employment, the substantial diminution of his assets, the expenses incident to his custody of one of the sons, and the husband's need of capital for, among other things, his participation in, or establishment of, another business. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Christ, JJ., concur.