■ GARDNER OSBORN, JR., Appellant, v MARLENE OSBORN, Respondent. (Action No. 1.) GARDNER OSBORN, JR., Appellant, v MARLENE OSBORN, Respondent. (Action No. 2.)—In a matrimonial action in which the parties were divorced by a judgment dated April 25, 1984 (action No. 1), and an action to set aside a separation agreement (action No. 2), the plaintiff husband appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 17, 1987, as (1) denied those branches of his motion which were to consolidate actions Nos. 1 and 2, and to cancel arrears of maintenance accruing from September 1, 1985 until November 17, 1986, and (2) granted the defendant wife's cross motion to dismiss the complaint in action No. 2, for leave to enter a money judgment in the amount of $13,932.56 representing arrears of maintenance plus interest, and for an award of counsel fees to the extent of awarding her the amount of $1,500.

Ordered that the order is modified, by deleting the provision thereof which granted that branch of the defendant's cross motion which was for an award of counsel fees; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing on that branch of the cross motion which was for an award of counsel fees.

The plaintiff husband and the defendant wife were married on February 26, 1960. On November 11, 1980, they executed a separation agreement which required the plaintiff to make maintenance payments to the defendant. The separation agreement also provided that should a party sue to enforce

any of its provisions, the defaulting party would pay reasonable attorneys' fees to the other party. In March 1984 the plaintiff entered into an agreement modifying the separation agreement. Under the modified agreement the plaintiff gave exclusive occupancy of the marital home to the defendant, on condition that she permit him to place his divorce action on the undefended calendar of the Supreme Court, Westchester County, and thereby secure a judgment of divorce. In April 1984 the plaintiff obtained a judgment of divorce on the ground that the parties had lived separate and apart for over one year pursuant to a "valid separation agreement". The separation agreement, as modified, was incorporated into but was not merged with the divorce judgment. In November 1986 the plaintiff commenced an action to set aside the separation agreement and moved, *inter alia*, to consolidate that action with the action for a divorce and ancillary relief, for downward modification of maintenance, and to set aside arrears of maintenance incurred since September 1, 1985, when he lost his employment. The defendant opposed the plaintiff's motion and cross-moved (1) to dismiss the action to set aside the separation agreement, (2) for leave to enter a money judgment for arrears in maintenance and (3) for an award of counsel fees.

We agree with the Supreme Court's dismissal of the action to set aside the separation agreement. The parties entered into the agreement in 1980. Almost four years after having continuously complied with the terms of the agreement, the plaintiff successfully sought a modification thereof. He based his action for divorce on his having complied with the agreement and on the agreement's validity. Under the circumstances, the plaintiff should not now be heard to complain that the agreement was unfair and unreasonable when made, and unconscionable at the time of the divorce. "A party who executes a contract under duress and then acquiesces in the contract for any considerable length of time, ratifies the contract" *(Stoerchle v Stoerchle,* 101 AD2d 831, 832). We conclude that, under the facts of this case, the plaintiff, by his conduct, ratified the agreement *(see also, Culp v Culp,* 117 AD2d 700).

Further, the defendant was properly granted leave to enter a money judgment for arrears of maintenance. Entry of judgment for arrears against a party in default is mandatory " 'unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears' "

(Penziner v Penziner, 123 AD2d 674, 676). It is not disputed that the plaintiff lost his employment on September 1, 1985. However, he has failed to show good cause why he did not make his application to modify his maintenance obligation prior to the accrual of the arrears or at any time prior to November 17, 1986. Under the circumstances, the defendant was entitled to a money judgment for arrears due from September 1, 1985 to November 17, 1986 (see, Domestic Relations Law § 244).

We also disagree with the plaintiff's contention that the figures utilized by the Supreme Court in arriving at the total amount of arrears plus interest were incorrect. In calculating the amount in arrears the court utilized the $841 per month figure which appears in the divorce judgment and which represented the periodic payments that the plaintiff should have made.

However, the Supreme Court erred in awarding counsel fees to the defendant without conducting a hearing thereon. While Domestic Relations Law § 238 allows the court, in its discretion, to award counsel fees in cases such as the present one, the exercise of this discretion implies that there are sufficient facts upon which a proper determination as to the amount claimed or being awarded can be based. The record only establishes the defendant's assertion that she had not paid her attorney any fees, and the attorney's affirmation as to the time and value of his services. An award of counsel fees on the basis of affirmations alone is improper in the absence of a stipulation agreeing to that procedure (see, Boritzer v Boritzer, 137 AD2d 477; Petritis v Petritis, 131 AD2d 651). The plaintiff is entitled to a hearing "not only to examine the financial conditions of the parties * * * but also as a 'meaningful way of testing the [attorney's] claims relative to time and value' " (Price v Price, 115 AD2d 530, quoting from Sadofsky v Sadofsky, 78 AD2d 520, 521; see also, Johnston v Johnston, 115 AD2d 520). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.