■ Andrew Olmstead, Respondent, v Susan Olmstead, Appellant.—In an action for a divorce and ancillary relief in which the parties were divorced by judgment dated July 6, 1987, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Zelman, J.), dated September 9, 1987, as denied that branch of her motion which was to recover counsel fees pursuant to the terms of a stipulation of settlement which was incorporated but not merged in the judgment of divorce.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, that branch of the defendant's motion which was for an award of counsel fees is granted, the matter is remitted to the Supreme Court, Queens County, for a determination of the amount of counsel fees the plaintiff is to pay to the defendant in accordance with the procedure set forth in the stipulation of the parties; and it is further,

Ordered that the plaintiff husband is granted leave to renew his application for counsel fees upon proper papers within 20 days after service upon him of a copy of this decision and order, with notice of entry.

In this divorce action, a stipulation of settlement was entered into in open court on December 12, 1986. With respect to counsel fees, it was stipulated that each party, upon application supported by affidavits, would be entitled to recover from the opposing party one half of its fees. The defendant made such an application, supporting it with her attorney's affirmation and the monthly legal bills she received from him. The plaintiff made no formal application for counsel fees but opposed the defendant's application. The plaintiff claimed the amount sought was excessive and requested the court to find that his legal bill was equal to that of the defendant and to direct that neither party recover counsel fees from the other.

We find that the Supreme Court erred when it failed to determine the reasonable counsel fees incurred by the defendant. The parties had stipulated to a procedure for determining counsel fees (cf., Osborn v Osborn, 144 AD2d 350, 352), and, under the terms of the stipulation, the affirmation of the defendant's attorney sufficed as an adequate basis for making such a determination (see, CPLR 2106). Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.