■ Toni Silverman, Respondent, v Lance S. Silverman, Appellant. [597 NYS2d 455] —In a matrimonial action in which the parties were divorced by judgment dated January 18, 1988, the defendant former husband appeals from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated August 14, 1990, as, after a hearing, (1) granted a downward modification of his maintenance obligations only to the limited extent of reducing his monthly payments from $1,800 to $1,300, (2) granted the plaintiff former wife arrears of maintenance covering a period from November 1989 to July 1990 and, (3) awarded the plaintiff former wife $2,500 in counsel fees.

Ordered that the order is modified, on the law, by vacating the award of counsel fees; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the issue of counsel fees.

The Supreme Court erred in awarding counsel fees to the plaintiff former wife without conducting a hearing. An award of counsel fees on the basis of affirmations alone was improper in the absence of a stipulation agreeing to that procedure (see, Osborn v Osborn, 144 AD2d 350; Johnston v Johnston, 115 AD2d 520). Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for a hearing on this issue.

Under the circumstances presented in this case, we conclude that, although the defendant former husband's change in careers created economic difficulties, he failed to make a sufficient showing to justify further downward modification of maintenance *(see,* Domestic Relations Law § 236 [B] [9] [b]).

We find the defendant former husband's remaining contention to be without merit. Bracken, J. P., Sullivan, Copertino and Santucci, JJ., concur.