■ In the Matter of DAVID HOOTNICK, Appellant, v SHARI R. COHEN, Respondent. (Appeal No. 1.) [598 NYS2d 884] —Order unanimously affirmed with costs. Memorandum: We reject petitioner's contention that Family Court erred in dismissing his petition to terminate his child support obligation without conducting an evidentiary hearing. A hearing is not required unless the application is supported by an affidavit or other evidentiary materials sufficient to establish a prima facie case for the relief requested (Family Ct Act § 451). The relief requested by petitioner was termination of his child support obligation on the ground that his three children had abandoned him. We conclude that petitioner failed to establish a prima facie case of abandonment and Supreme Court properly dismissed the petition without conducting an evidentiary hearing.

We also reject petitioner's contention that Family Court abused its discretion in directing him to pay respondent's attorney's fees in the amount of $5,000 without conducting an

evidentiary hearing. Although a court should not fix the amount of counsel fees without first holding an evidentiary hearing to determine the value of those services, where one of the parties has engaged in a campaign of harassment and has been overly litigious, the court does not abuse its discretion by granting counsel fees in the absence of an evidentiary hearing based upon an appropriate affidavit *(Ardito v Ardito,* 97 AD2d 830, 831; *Mulligan v Mulligan,* 79 AD2d 721, 722, *affd* 54 NY2d 614; *Stern v Stern,* 67 AD2d 253, 256). (Appeal from Order of Onondaga County Family Court, McLaughlin, J.—Child Support.) Present—Callahan, J. P., Lawton, Fallon, Doerr and Boehm, JJ.