■ JOSEPH A. LENCZYCKI, JR., Appellant, v DEBORAH A. ALEXANDER, Respondent. [619 NYS2d 56] —In a matrimonial

action in which the parties were divorced by judgment dated August 19, 1987, the plaintiff former husband appeals from three orders of the Supreme Court, Westchester County (Burrows, J.), each dated September 7, 1993, which, (1) denied the plaintiff's motion for custody of the parties' infant son and granted the defendant former wife's cross motion for an award of counsel fees to the extent of awarding her the amount of $1,500, (2) denied the plaintiff's motion to modify the visitation agreement to grant him Friday overnight visitation on those weekends when he has visitation with the child, and (3) granted the motion of the defendant to stay the plaintiff from taking their son to psychiatric counseling without the written consent of the defendant.

Ordered that the order which denied the plaintiff's motion for custody and awarded the defendant counsel fees is modified, on the law, by deleting the provision thereof which granted the defendant's cross motion which was for an award of counsel fees; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing on that branch of the cross motion which was for an award of counsel fees; and it is further,

Ordered that the order which denied the plaintiff's motion for a modification of the visitation agreement is reversed, as a matter of discretion, without costs or disbursements, the motion is granted, and the plaintiff is granted Friday overnight visitation on those weekends when he has visitation with the child; and it is further,

Ordered that the order staying the plaintiff from taking the son to psychiatric counseling without the defendant's consent is affirmed, without costs or disbursements.

The plaintiff and the defendant were married in 1979 and, one year later, had a son. In 1986, this divorce action was commenced and, after a two week trial during which extensive testimony was elicited with respect to the issue of custody, the Supreme Court, Westchester County, *inter alia,* dissolved the marriage and awarded custody of the infant child to the defendant and granted visitation rights to the plaintiff. This judgment awarding custody to the defendant was affirmed *(see, Lenczycki v Lenczycki,* 152 AD2d 621). We find that the plaintiff has not provided any evidence that there was a change in circumstances which would warrant a new hearing on the issue of custody.

However, the evidence presented showed that the infant child had been visiting overnight with the plaintiff on the Friday before each alternate weekend which he spends with the plaintiff. It is in the child's best interest that the child's overnight Friday visits with his father continue so that he may participate in weekend trips and family visits, and avoid the necessity of a dual commute between the plaintiff and defendant's new home on both Friday night and again on Saturday morning.

Although the Supreme Court has the discretionary power to award counsel fees, the exercise of this power must be supported by sufficient facts upon which a proper determination as to the amount claimed or amount being awarded can be based (see, Osborn v Osborn, 144 AD2d 350, 352). An award of counsel fees on the basis of affirmations alone was improper in the absence of a stipulation agreeing to that procedure (see, Silverman v Silverman, 193 AD2d 595). Accordingly, the matter is remitted to the Supreme Court, Westchester County, for a hearing solely on this issue.

We have examined the plaintiff's remaining contention and find it to be without merit. Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.