■ ESTERA WEISS, Respondent, v PAUL WEISS, Appellant. [624 NYS2d 52] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Dunkin, J.), dated August 10, 1992, as directed him to pay (1) $225 per week in maintenance retroactive to the date of the service of the summons, (2) $26,617 as a distributive award, and (3) $7,500 as counsel fees.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The attorney for the plaintiff wife submitted a detailed affirmation in which she provided the basis for her fee request. She expressly offered to provide testimonial evidence as well. Although he had initially requested a hearing on the issue, the defendant husband, who was then acting *pro se,* eventually acquiesced to a resolution of the plaintiff's application for counsel fees based on affirmations. The papers submitted furnished an adequate basis upon which to award counsel fees in the sum of at least $7,500, plus costs. Considering, *inter alia,* the marked disparity in the incomes of the parties, we see no improvident exercise of discretion in the court's determination that the defendant should be responsible for the payment of these fees *(see, e.g., Merzon v Merzon,* 210 AD2d 462; *Denholz v Denholz,* 147 AD2d 522; *Hackett v Hackett,* 147 AD2d 611).

The record shows that the defendant earned a gross income of $51,351.78 in 1991, which is approximately three times the amount earned by the plaintiff. Under all the circumstances presented, the award of maintenance in the sum of $225 per week is not excessive *(see, e.g., Wilkinson v Wilkinson,* 149 AD2d 842).

The Supreme Court's judgment was based on the premise that the defendant's employment would continue, and there is nothing in the evidence presented at trial which would undermine this premise. The defendant's post-trial assertion that he had lost his job is not substantiated, and is not properly part of the evidence reviewable on appeal. If the defendant has in fact lost his job, his remedy is to move for a downward modification of his maintenance obligation *(e.g., Neumark v Neumark,* 189 AD2d 863).

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.