■ BARBARA KELLY, Respondent, v NEILL J. KELLY, Appellant. [636 NYS2d 840] —In an action for divorce and ancillary relief, the defendant appeals, (1) as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Burrows, J.), dated August 6, 1993, as, after a nonjury trial, distributed the marital assets, awarded the plaintiff permanent maintenance of $1,000 per month or 25% of his adjusted gross income, whichever is greater, and (2) awarded the plaintiff counsel fees of $54,684.76.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which awarded the plaintiff counsel fees of $54,684.76; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing on the plaintiff's application for counsel fees.

In view of the length of the parties' marriage, the plaintiff's noneconomic contributions to the marriage and the defendant's earning capacity, we conclude that the trial court's distribution of the marital assets was equitable *(see, e.g., Meikle v Perret-Meikle,* 176 AD2d 257; *Marcus v Marcus,* 135 AD2d 216).

The defendant contends that the trial court improperly estimated the value of the family's business, which he was awarded in the judgment of divorce. The record demonstrates that any difficulty in reaching a fair valuation of the family's business was the result of the defendant's failure to provide adequate documentation upon which to base a valuation. The method of valuation used by the trial court was appropriate under the circumstances of this case, and its determination is supported by the record *(see, e.g., Bofford v Bofford,* 117 AD2d 643; *Griffin v Griffin,* 115 AD2d 587; *Matter of Ward v Ward,* 94 AD2d 908).

The trial court's award of permanent maintenance in the amount of $1,000 per month or 25% of the defendant's adjusted gross income, whichever is greater, was not an improvident exercise of discretion under the circumstances of this case *(see, Hartog v Hartog,* 85 NY2d 36; *Semans v Semans,* 199 AD2d 790; *see generally, Sperling v Sperling,* 165 AD2d 338, 341-342).

Considering the relative financial circumstances of the parties and the defendant's tactics, which unnecessarily prolonged this litigation, it was appropriate for the trial court to require the defendant to pay the plaintiff's counsel fees. The trial court erred, however, by awarding the plaintiff counsel fees in an amount in excess of $54,000 without first holding a hearing. There is no indication in the record that the defendant stipulated that an award of counsel fees could be made solely on the basis of the affirmations of counsel. In the absence of such a stipulation, an evidentiary hearing is required so that the court may test the claims of the plaintiff's attorney regarding the extent and value of his services *(see, e.g., Lenczycki v Alexander,* 209 AD2d 480; *Silverman v Silverman,* 193 AD2d 595; *Gutin v Gutin,* 155 AD2d 586; *Price v Price,* 115 AD2d 530). Accordingly, the matter is remitted to the Supreme Court, Westchester County, for a hearing on the plaintiff's application for counsel fees.

We have considered the defendant's remaining contentions and find them to be without merit. O'Brien, Ritter and Krausman, JJ., concur.

Miller, J. P., dissents in part with the following memorandum and votes to affirm the judgment insofar as it is appealed from. I dissent only insofar as my colleagues in the majority

have voted to remit this matter to the Supreme Court, Westchester County, for a hearing on the plaintiff's application for counsel fees. Extensive evidence of the parties' financial circumstances was presented during the course of the trial. While the defendant would ordinarily be entitled to an evidentiary hearing with regard to the value and extent of the services rendered by the plaintiff's counsel, he failed to request such a hearing or to raise any objection to the determination of the issue of counsel fees on the papers. Accordingly, the defendant waived his right to a hearing on this issue (see, Matter of Zirkind v Zirkind, 218 AD2d 745; Rosenberg v Rosenberg, 155 AD2d 428; Matter of Vitek v Vitek, 170 AD2d 908; Delgado v Delgado, 160 AD2d 385). Moreover, the record demonstrates that the defendant's unnecessary litigiousness was largely responsible for causing the plaintiff to incur significant legal debts (see, Matter of Hootnick v Cohen, 193 AD2d 1092). Accordingly, I would not disturb the court's award of counsel fees, and I would affirm the judgment insofar as it is appealed from.