■ TINA VERASCO, Respondent, v LARY VERASCO, Appellant. [639 NYS2d 132]

The plaintiff moved to compel the defendant to comply with certain provisions of a stipulation of settlement which was incorporated, but not merged, into their judgment of divorce. Most of the issues were resolved by the parties. The Supreme Court directed a hearing on the issue of whether the defendant was responsible for sleep-away camp expenses.

The stipulation provided that "[t]he husband shall be responsible for the payment of the children's day camp expenses until such child reaches the age of 13 years". The stipulation did not obligate the defendant to contribute to the cost of sleep-away camp and therefore the court improperly directed the defendant to do so *(see, Straker v Straker,* 219 AD2d 707; *Kromer v Kromer,* 177 AD2d 472; *Cooper v Farrell,* 170 AD2d 571).

Although the Supreme Court has the discretionary power to award counsel fees, the exercise of that power must be supported by sufficient facts upon which a proper determination as to the amount claimed or amount being awarded can be based *(see, Osborn v Osborn,* 144 AD2d 350, 352). An award of counsel fees on the basis of affirmations alone was improper in the absence of a stipulation agreeing to that procedure *(see, Lenczycki v Alexander,* 209 AD2d 480, 482; *Silverman v Silverman,* 193 AD2d 595). Accordingly, the matter is remitted to

the Supreme Court, Nassau County, for a hearing solely on that issue. O'Brien, J. P., Santucci, Altman and Goldstein, JJ., concur.