■ GAB MANAGEMENT, INC., Respondent, v JOHN BLUMBERG et al., Appellants. [641 NYS2d 340] —In an action to recover rent due pursuant to a lease, the defendants appeal from (1) an order of the Supreme Court, Rockland County (Meehan, J.), dated January 4, 1995, which granted the plaintiff's motion for summary judgment, (2) a judgment of the same court, dated January 23, 1995, which is in favor of the plaintiff and against them in the principal sum of $89,043.29 (including late fees), plus interest thereon from August 27, 1993, and attorney's fees in the sum of $4,637.50, and (3) an amended judgment of the same

court, dated June 2, 1995, which reduced the principal sum due the plaintiff from $89,043.29 to $84,293.45. The appeal from an order dated May 12, 1995, is deemed a premature notice of appeal from the amended judgment dated June 2, 1995 (*see,* CPLR 5520 [c]).

Ordered that the appeal from the order dated January 4, 1995, is dismissed; and it is further,

Ordered that the appeal from the judgment dated January 23, 1995, is dismissed, as it was superseded by the amended judgment dated June 2, 1995; and it is further,

Ordered that the amended judgment is modified, on the law, by deleting the first decretal paragraph thereof; as so modified, the amended judgment is affirmed, without costs or disbursements, so much of the order dated January 4, 1995, the judgment dated January 23, 1995, and the order dated May 12, 1995, as awarded late fees and attorney's fees to the plaintiff and awarded interest from August 27, 1993, are vacated, the plaintiff's motion for summary judgment is granted to the extent of awarding rent payments from July 1994 through May 1995, less the security deposit, with interest from July 1, 1994, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.

The appeal from the intermediate order dated January 4, 1995, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (CPLR 5501 [a] [1]).

Pursuant to a commercial lease dated May 22, 1990, the plaintiff leased the demised premises to the defendants in an office building in Nanuet. Paragraph 54 (b) of the lease provided that if the defendants were "in default of any installment payment of rent, then the whole of the rent * * * shall, at Landlord's option, at once become due and payable". The rent was due on the first of the month, and, if it was paid more than 7 days late, the tenant was subject to a late charge of 10% "upon demand therefor".

After the defendants failed to pay their July 1992 rent promptly, the plaintiff issued an acceleration letter, declaring the balance of the rent due and owing. The defendants continued to pay rent, and, in July 1993, after the rent was not received timely, the plaintiff issued a second acceleration letter. The defendants continued to pay their monthly rent, and it was accepted, although it was tendered more than 7 days

late. Some, but not all, of the rent bills indicated that late charges were imposed for certain months.

The plaintiff commenced this action for the accelerated rent and attorney's fees on August 27, 1993. In or about June 1994 the defendants left the premises. Although the parties attempted to negotiate a buyout of the lease, the record does not contain a written agreement of surrender signed by the landlord which was required, pursuant to paragraph 57 of the lease, to constitute a surrender of the premises.

In August 1994 the plaintiff moved for summary judgment. In its motion, the plaintiff sought to recover $89,043.29, purportedly comprised of rent due from July 1994 to the lease's conclusion in May 1995, and late payments for various months from December 1991 until April 1994 totalling $14,412.83, less the security deposit of $4,000.

The court granted the plaintiff's motion for summary judgment in the amount of $89,043.29, and the judgment entered thereon granted interest from the date of the complaint, August 27, 1993, and attorney's fees in the sum of $4,637.50, based on the assertions of the plaintiff's attorneys in a supplemental affidavit. In an amended judgment dated June 2, 1995, the court reduced the principal sum of the award to $84,293.45 to make it consistent with the plaintiff's accounting.

The record supports the award of accelerated rent from July 1994 through May 1995, since there was no written surrender agreement as required by the lease. However, the award of late charges was improper on the plaintiff's motion for summary judgment. The plaintiff's election to accelerate the rent is inconsistent with the imposition of late charges (*see, Federal Natl. Mtge. Assn. v Mebane*, 208 AD2d 892; *Centerbank v D'Assaro*, 158 Misc 2d 92; *Reis v Decker*, 135 Misc 2d 741), and to the extent any such charges were imposed during a period of acceleration, they were improper.

Even if the plaintiff can demonstrate that the acceleration letters of July 1992 and July 1993 were, or should be deemed, revoked, so that late rent payments would be subject to a late charge, questions of fact persist as to which months the plaintiff waived such charges and whether it made "demand therefor" as required by the lease. Accordingly, the court erred in including the late charges in its judgment, due to the questions of fact presented as to which late charges, if any, were properly imposed.

The court erred as well in awarding attorney's fees based on an affidavit of the plaintiff's counsel without conducting a hearing (*see, Silverman v Silverman*, 193 AD2d 595). Accordingly,

the matter is remitted for a hearing as to the appropriate amount of the plaintiff's attorney's fees.

If a new judgment is entered solely on the accelerated rent due after the defendants abandoned the premises, interest should be computed thereon from July 1, 1994. If, after further proceedings, late charges are found to be due and owing, and judgment therefor is entered, the date or dates from which interest is to be computed shall be fixed in accordance with CPLR 5001 (b). Sullivan, J. P., Copertino, Pizzuto and Florio, JJ., concur.