■ MIRIAM ZAID, Respondent, v MELVIN ZAID, Appellant. [657 NYS2d 63] —In a matrimonial action in which the parties were divorced by a judgment entered December 22, 1971, the defendant appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), dated March 14, 1996, which granted the plaintiff's motion for reargument of a prior application for leave to enter a judgment for alimony arrears and for an award of counsel fees, and, upon reargument, awarded the plaintiff the sum of $83,000 in alimony arrears and $5,000 in counsel fees and denied the defendant's cross motion for an award of counsel fees.

Ordered that the order is modified by (1) deleting the provision thereof which awarded the sum of $83,000 in alimony arrears based upon arrears of $200 per week for the period from February 14, 1988, to March 14, 1996, and substituting therefor a provision awarding the sum of $125 per week in alimony arrears for the same period, and (2) deleting the provision thereof which granted that branch of the plaintiff's motion which was for an award of counsel fees; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a recomputation of alimony arrears in accordance herewith, and for a hearing on that branch of the plaintiff's motion which was for an award of counsel fees.

The Supreme Court properly determined that the plaintiff was entitled to alimony arrears for the six years prior to the commencement of her application and for those arrears which had accrued during the pendency of the application (*see*, CPLR 213 [1]; Domestic Relations Law § 244-a; *Tauber v Lebow*, 65 NY2d 596; *Beige v Beige*, 226 AD2d 412). However, the court erred in calculating the arrearages due at a rate of $200 per

week. Instead, the arrears should have been calculated at $125 per week in accordance with this Court's prior reduction of the award of alimony from $200 to $125 per week (*see, Zaid v Zaid,* 40 AD2d 533).

Moreover, it was improper for the court to award counsel fees to the plaintiff without conducting a hearing thereon. An award of counsel fees on the basis of affirmations alone is improper in the absence of a stipulation agreeing to that procedure (*see, Fishkin v Fishkin,* 201 AD2d 202; *Silverman v Silverman,* 193 AD2d 595; *Petritis v Petritis,* 131 AD2d 651; *Osborn v Osborn,* 144 AD2d 350). Accordingly, the matter is remitted to the Supreme Court, Nassau County, for a hearing on this issue.

The defendant's remaining contentions are without merit. Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.