■ CHARLOTTE NEE, Respondent, v JOHN C. NEE, Appellant. [658 NYS2d 440] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Shapiro, J.), entered March 13, 1996, as, after a nonjury trial, (1) valued his pension as of the date of the commencement of the action, (2) awarded the plaintiff ownership of an automobile, (3) awarded the plaintiff $1,000 per month maintenance for five years, and (4) awarded the plaintiff counsel fees in the sum of $15,989.95.

Ordered that the judgment is modified, on the law and as a matter of discretion, by (1) deleting from the fourth decretal paragraph thereof the provision "and from the defendant's

share of the funds the sum of $16,583.95 shall be paid to the plaintiff as and for legal fees in the amount of $15,989.95 and her share of the Blanco investment in the amount of $594.00", and substituting therefor the provision "and from the defendant's share of the funds the sum of $594 shall be paid to the plaintiff as and for her share in the Blanco investment", and (2) deleting the twelfth decretal paragraph thereof, and substituting therefor a decretal paragraph directing the defendant to pay the plaintiff the sum of $500 per month as maintenance as of January 1, 1996, until December 15, 2000, with all maintenance terminating in the event that either party dies or the plaintiff remarries; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.

Under the circumstances of this case, it was not an improvident exercise of discretion for the Supreme Court to value the defendant's pension as of the date that the plaintiff commenced the instant divorce action as opposed to the date that a previous, discontinued divorce action between the parties was commenced (see, Marcus v Marcus, 137 AD2d 131; cf., Thomas v Thomas, 221 AD2d 621).

The record shows that the defendant earned a gross income of approximately $72,000 in 1995, which is more than twice the amount earned by the plaintiff. However, the defendant is paying the plaintiff $9,137.84 per year in child support and the plaintiff received considerable assets from the distributive award. Under the circumstances presented, a maintenance award of $500 per month for five years is proper (see, e.g., Hartog v Hartog, 85 NY2d 36; Weiss v Weiss, 213 AD2d 542). On remittitur, the Supreme Court is to determine the amount of credit due to the defendant.

Considering the disparity in the incomes of the parties and the defendant's tactics, which unnecessarily prolonged this litigation, it was appropriate for the trial court to require the defendant to pay the plaintiff's counsel fees (see, Kelly v Kelly, 223 AD2d 625; Weiss v Weiss, supra; Cinnamond v Cinnamond, 203 AD2d 229). The trial court erred, however, by awarding the plaintiff counsel fees in an amount of more than $15,000 without first holding a hearing. In the absence of a stipulation that an award of counsel fees can be made solely on the basis of the affirmations of counsel, an evidentiary hearing is required so that the court may test the claims of the plaintiff's attorney regarding the extent and value of her services (see, Kelly v Kelly, supra; see, e.g., Maroney v Maroney, 208 AD2d

915, 916; *Fishkin v Fishkin*, 201 AD2d 202, 208; *Silverman v Silverman*, 193 AD2d 595). Accordingly, the matter is remitted to the Supreme Court, Rockland County, for a hearing on this issue.

The defendant's remaining contention is without merit. Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.