■ MOHAMMED A. MALIK, Respondent, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant. [670 NYS2d 316] —In an action for a judgment declaring that the defendant, was obligated to defend and indemnify the plaintiff in a personal injury action, the defendant appeals from (1) an order of the Supreme Court, Queens County (Leviss, J.H.O.), dated May 9, 1997, which denied its motion to vacate or modify the court's prior decision dated March 20, 1997, finding that the defendant was required to pay the plaintiff $11,463.73 in attorney's fees, and (2) so much of a judgment of the same court, dated May 12, 1997, as is in favor of the plaintiff and against it in the principal sum of $11,463.73.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The record establishes that the parties stipulated to determine the issue of attorney's fees by affirmations alone. Thus, the court did not err in determining the issue of attorney's fees without conducting a hearing (*see, Olmstead v Olmstead,* 154 AD2d 358; *cf., Osborn v Osborn,* 144 AD2d 350, 352). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.