■ JOANNE M. FELICELLO, Now Known as JOANNE M. TIM-PERIO, Appellant, v JOSEPH F. FELICELLO, Respondent. [672 NYS2d 415] —In a matrimonial action in which the parties were divorced by judgment entered October 25, 1995, the plaintiff former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Bellantoni, J.), dated January 7, 1997, as, in effect, denied those branches of her motion which were (1) to hold the defendant former husband in contempt for his alleged failure to pay (a) mainte-nance and installments on the distributive awards and (b) his share of the accrued interest on the parties' credit card debt for the years 1994 and 1995, and (2) for attorney's fees for the mo-tion, and which, after calculating the parties' respective obliga-tions to each other, determined that the "defendant owed [the] plaintiff as of the date of this application $1712.20".

Ordered that the order is modified, by deleting therefrom the provision which determined that the "defendant owed [the] plaintiff as of the date of this application $1712.20", and the matter is remitted to the Supreme Court, Orange County, for a determination as to the defendant's compliance with his obliga-tion to pay his share of the parties' credit card debt and any accrued interest thereon, and for a recalculation of the amount due to the plaintiff in accordance herewith; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff former wife (hereinafter wife) sought to hold the defendant former husband (hereinafter husband) in contempt of court for his alleged failure, *inter alia,* to pay main-tenance, installments on the distributive awards, and his share of the accrued interest on the parties' credit card debt. The wife also sought attorney's fees. The court determined, based upon a judgment entered June 18, 1996, that the husband was owed the sum of $20,137.40 and judgment interest of $418. Af-ter applying an offset representing various amounts the husband owed the wife, the court determined that the wife was entitled to the principal sum of $1,712.20. The Supreme Court denied the other relief requested by the wife. We modify.

The court failed to make findings regarding whether the husband had paid his share of the parties' credit card debt as required by the divorce judgment and whether he was liable

for any accrued interest. Thus, the matter is remitted for a determination as to these issues. We note in this regard that this Court has already determined that the Supreme Court incorrectly calculated the amount due to the husband in the June 18, 1996, judgment and that he was owed $19,637.45, not $20,137.40 (*see, Felicello v Felicello,* 240 AD2d 625). Thus, the Supreme Court, in the order appealed from, erroneously utilized the $20,137.40 figure in calculating the amount owed to the wife and in calculating the judgment interest to which the husband was entitled. Upon remittitur, the court should use the $19,637.45 figure and recalculate the interest thereon, and then recompute the total amount owed to the wife in accordance herewith.

The application for attorney's fees for the motion was properly denied (*see, Kristiansen v Kristiansen,* 236 AD2d 521, 523; *see also, Verasco v Verasco,* 225 AD2d 616; *Osborn v Osborn,* 144 AD2d 350, 352).

The wife's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Sullivan and Goldstein, JJ., concur.