■ ANTHONY TERRANOVA, Appellant, v KIMBERLY TERRANOVA, Respondent. ROSENTHAL & MARKOWITZ, LLP, Nonparty Respondent. [951 NYS2d 886]—

Contrary to the plaintiff's contention, considering the disparity in the parties' incomes, the Supreme Court providently exercised its discretion in requiring the plaintiff to pay counsel fees the defendant incurred in litigating her child custody and relocation applications (*see* Domestic Relations Law § 237 [a]; *O'Shea v O'Shea*, 93 NY2d 187 [1999]; *Chesner v Chesner*, 95 AD3d 1252, 1253 [2012]; *Prichep v Prichep*, 52 AD3d 61, 64-65 [2008]).

However, the Supreme Court erred in awarding counsel fees to the defendant without conducting an evidentiary hearing at which the court may test the claims of the defendant's counsel regarding the extent and value of its services (*see Nee v Nee*, 240 AD2d 478, 479 [1997]). An award of counsel fees on the basis of affirmations alone was improper in the absence of a stipulation agreeing to that procedure (*see GAB Mgt. v Blumberg*, 226 AD2d 499, 501-502 [1996]; *Fishkin v Fishkin*, 201 AD2d 202, 208 [1994]; *Silverman v Silverman*, 193 AD2d 595 [1993]; *cf. Brodsky v Brodsky*, 214 AD2d 599, 600 [1995]). Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for a hearing on that issue and thereafter a new determination of the defendant's motion.

To the extent that the plaintiff contends that the award of counsel fees by the Supreme Court included fees for time spent attempting to set aside the parties' prenuptial agreement, we note that the Supreme Court found that the defendant is not entitled to counsel fees incurred in attempting to set aside the parties' prenuptial agreement (*see Kessler v Kessler*, 33 AD3d 42, 49-50 [2006]).

The Supreme Court did not improvidently exercise its discretion in denying the plaintiff's cross motion for the imposition of sanctions (*see* 22 NYCRR 130-1.1). Angiolillo, J.P., Dickerson, Belen and Miller, JJ., concur.