■ SHANKAR RAMPERSAUD, Appellant, v INDRA RAMPERSAUD, Respondent. [962 NYS2d 908]—In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (O'Connell, J.H.O.), dated July 20, 2010, which, inter alia, denied that branch of his motion which was pursuant to CPLR 4404 (b) to set aside so much of the court's amended decision dated April 15, 2010, as, after a nonjury trial, found that he used marital funds to purchase property in New Jersey, and determined that the defendant was entitled to an award of counsel fees.

■ SHANKAR RAMPERSAUD, Appellant, v INDRA RAMPERSAUD, Respondent. [962 NYS2d 908]—In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (O'Connell, J.H.O.), dated August 8, 2011, as, upon an amended decision of the same court dated April 15, 2010, made after a nonjury trial, inter alia, finding that he used marital funds to purchase property in New Jersey, distributed the marital funds and awarded the defendant counsel fees.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff did not submit adequate documentation to show that the money used to purchase certain property in New Jersey was not earned during the marriage (*see generally Lischynsky v Lischynsky*, 120 AD2d 824, 826 [1986]), and the Supreme Court properly denied his application for an adjournment to cure this deficiency (*see Davidson v Davidson*, 54 AD3d 988 [2008]).

Furthermore, considering the economic disparity between the parties, the award of counsel fees to the defendant was appropriate (*see Chesner v Chesner*, 95 AD3d 1252 [2012]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.