In a matrimonial action in which the parties were divorced by judgment entered February 10, 2009, the defendant appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered November 28, 2012, which granted that branch of the plaintiffs cross motion which was for an award of counsel fees in connection with certain postjudgment proceedings.
Ordered that the order is affirmed, with costs.
Contrary to the defendant’s contention, the Supreme Court properly granted that branch of the plaintiff’s cross motion which was for an award of counsel fees in connection with certain postjudgment proceedings. “An award of an attorney’s fee . . . ‘will generally be warranted where there is a significant disparity in the financial circumstances of the parties’ ” (Chesner v Chesner, 95 AD3d 1252, 1253 [2012], quoting Prichep v Prichep, 52 AD3d 61, 65 [2008]). Here, the record demonstrates that the defendant has substantially higher income and greater financial resources than the plaintiff. In view of the economic disparity between the parties, the award of counsel fees to the plaintiff was appropriate (see Rampersaud v Rampersaud, 105 AD3d 935 [2013]; Terranova v Terranova, 99 AD3d 788 [2012]). Furthermore, while the defendant contends that the Supreme Court should not have awarded the plaintiff counsel fees because he was the prevailing party, the record indicates that he prevailed largely because the plaintiff was willing to consent to certain relief that he requested, and that this relief could have been obtained without resort to postjudgment motion practice.
The defendant’s contention that the Supreme Court was *511 precluded from awarding the plaintiff counsel fees because she failed to submit a statement of net worth in support of her cross motion is without merit. Since the plaintiffs cross motion sought, in part, “to secure the enforcement of a previously granted order or decree” (22 NYCRR 202.16 [k]), she was not required to submit a statement of net worth pursuant to 22 NYCRR 202.16. Eng, P.J., Balkin, Roman and Miller, JJ., concur.