655 Country Road, Inc., Appellant,
William Caltagirone, Respondent, et al., Undertenants.
Schneider Buchel, LLP (Marc H. Schneider of counsel), for appellant.
Stein & Stein, P.C. (Peter C. Stein of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Sixth District (James P. Flanagan, J.), dated October 26, 2016. The order granted tenant's motion to dismiss the petition with prejudice and for an award of attorney's fees, denied landlord's cross motion for a voluntary discontinuance without prejudice, and awarded tenant the principal sum of $30,324.38 in attorney's fees in a holdover summary proceeding.




ORDERED that the order is modified by vacating so much thereof as awarded tenant the principal sum of $30,324.38 in attorney's fees; as so modified, the order is affirmed, without costs, and the matter is remitted to the District Court for a hearing and a new determination of the amount of attorney's fees to be awarded to tenant.
In this holdover proceeding, the petition, dated December 28, 2015, demands an award of possession and attorney's fees, alleging that tenant, a proprietary lessee and holder of shares in landlord, a cooperative corporation, violated the proprietary lease. Based on the transcript of a court appearance on February 17, 2016, it appears that, at a prior court appearance in this proceeding, tenant had orally answered and had generally denied the allegations of the petition.[FN1]
The transcript also reflects that, on February 17, 2016, tenant orally asserted a counterclaim for reciprocal attorney's fees (see Real Property Law § 234) in the event that tenant was the prevailing party in the proceeding. Landlord's oral application, on May 11, 2016, to voluntarily discontinue the proceeding without prejudice was denied by the District Court. Tenant thereafter moved to dismiss the petition with prejudice, on the ground that it failed to state a cause of action, and requested attorney's fees, and landlord cross-moved for a voluntary discontinuance without prejudice. The District Court granted tenant's motion, denied landlord's cross motion, and awarded tenant $30,324.38 in attorney's fees.

Contrary to landlord's contention that, pursuant to UDCA 902 (a) (1) and (2), tenant could not interpose an oral answer, these provisions are not applicable here and tenant was permitted to answer orally (see RPAPL 743). Furthermore, tenant's oral assertion of a counterclaim for reciprocal attorney's fees was also permissible (see id.). Leave to amend pleadings should be freely granted absent prejudice or surprise resulting from the delay (see CPLR 3025 [b]; Lucido v Mancuso, 49 AD3d 220 [2008]; see also Worthen-Caldwell v Special Touch Home Care Servs., Inc., 78 AD3d 822 [2010]), and where a landlord "can make no tenable claim" that a tenant's request to amend the answer to include a claim for reciprocal attorney's fees "would be surprising or prejudicial," it cannot be said that the tenant has relinquished the right to assert the claim (AD 1619 Co. v VB Mgt., 259 AD2d 382, 382 [1999]; see also 1626 Second Ave. LLC v Notte Rest. Corp., 21 Misc 3d 1143[A], 2008 NY Slip Op 52490[U] [App Term, 1st Dept 2008]). Here, landlord cannot claim that it was surprised or prejudiced by tenant's request for reciprocal attorney's fees, especially since landlord asserted a claim for attorney's fees in the predicate notices and the notice of petition and petition.

Under the circumstances presented, including the total lack of merit to landlord's claim that tenant breached the lease, we find that the District Court's determination to deny landlord's cross motion for a voluntary discontinuance without prejudice and to grant tenant's motion to dismiss the petition with prejudice and for an award of attorney's fees was a proper exercise of its discretion. However, it was error for the District Court to award tenant attorney's fees without first conducting a hearing to determine the reasonableness of tenant's counsel's fees (see Terranova v Terranova, 99 AD3d 788, 789 [2012]; GAB Mgt. v Blumberg, 226 AD2d 499, 501-502 [1996]). 

Accordingly, the order is modified by vacating so much thereof as awarded tenant the principal sum of $30,324.38 in attorney's fees and the matter is remitted to the District Court for a hearing and a new determination of the amount of attorney's fees to be awarded to tenant.

MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: April 12, 2018



Footnotes

Footnote 1: We note that, pursuant to RPAPL 743, when an answer in a summary proceeding is oral, the substance thereof must be recorded and maintained in the case record, which was not done here.