Leung v Gose (2022 NY Slip Op 06476)

Leung v Gose

2022 NY Slip Op 06476

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-08456 
2020-00162
 (Index No. 6824/10)

[*1]Firman Leung, appellant,
v
Mary E. Gose, respondent.

Roland R. Acevedo, New York, NY, for appellant.
Miller Zeiderman & Wiederkehr LLP, White Plains, NY (Lisa Zeiderman and Matthew B. Marcus of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated July 13, 2012, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated June 18, 2019, and (2) a money judgment of the same court dated September 19, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion which was for maintenance arrears to the extent of directing the plaintiff to pay maintenance arrears in the sum of $174,333.31, granted those branches of the defendant's motions which were for an award of attorneys' fees and expert fees to the extent of directing the plaintiff to pay attorneys' fees in the sum of $64,851.49 and expert fees in the sum of $20,000, and denied that branch of the plaintiff's cross motion which was to impose sanctions against the defendant's attorney. The money judgment, upon the order, is in favor of the defendant and against the plaintiff in the principal sum of $174,333.31.
ORDERED that the appeal from so much of the order as granted that branch of the defendant's motion which was for maintenance arrears to the extent of directing the plaintiff to pay maintenance arrears in the sum of $174,333.31 is dismissed, as that portion of the order was superseded by the money judgment; and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motions which were for an award of attorneys' fees and expert fees to the extent of directing the plaintiff to pay attorneys' fees in the sum of $64,851.49 and expert fees in the sum of $20,000; as so modified, the order is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith; and it further,
ORDERED that the money judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The parties were divorced by a judgment dated July 13, 2012. The parties' settlement agreement dated May 10, 2012, which was incorporated but not merged into the judgment of divorce, provided for an adjustment of the plaintiff's maintenance obligation to the defendant in the [*2]event of an increase or involuntary reduction of the plaintiff's income by certain amounts, pursuant to a formula set forth therein.
In August 2016, the defendant moved, inter alia, for maintenance arrears from the plaintiff, contending that the plaintiff unilaterally reduced his maintenance obligation to her, without providing her with documentation establishing his entitlement to do so, and for an award of attorneys' fees and expert fees. In February 2018, the defendant moved, inter alia, to compel the plaintiff to produce documents as required under the settlement agreement to determine his maintenance obligation and for an award of attorneys' fees and expert fees. The plaintiff cross-moved, inter alia, to impose sanctions against the defendant's attorney.
In an order dated June 18, 2019, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for maintenance arrears to the extent of directing the plaintiff to pay maintenance arrears in the sum of $174,333.31, granted those branches of the defendant's motions which were for an award of attorneys' fees and expert fees to the extent of directing the plaintiff to pay attorneys' fees in the sum of $64,851.49 and expert fees in the sum of $20,000, and denied that branch of the plaintiff's cross motion which was to impose sanctions against the defendant's attorney. In a money judgment dated September 19, 2019, the court awarded the defendant the principal sum of $174,333.31 for maintenance arrears. The plaintiff appeals from the order and the money judgment.
Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in calculating his income for purposes of determining his maintenance arrears. The court was not required to credit the plaintiff's own account of his income, which lacked credibility (see Ferrante v Ferrante, 186 AD3d 566, 569; Fairchild v Fairchild, 149 AD3d 810, 811).
However, the Supreme Court erred in awarding attorneys' fees and expert witness fees requested by the defendant without evaluating the defendant's claims concerning the extent and value of those services at an evidentiary hearing (see Tenaglia v Tenaglia, 134 AD3d 801, 803; Terranova v Terranova, 99 AD3d 788, 789; Kelly v Kelly, 223 AD2d 625, 626). Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for a hearing on those issues and a new determination thereafter of those branches of the defendant's motions which were for an award of attorneys' fees and expert fees.
The plaintiff's remaining contention is without merit.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court