■ Eva Roll, Respondent, v Harold J. Roll, Appellant.— In a matrimonial action in which the parties were divorced by a judgment of the Supreme Court, Westchester County, entered April 18, 1974, the defendant appeals from an order of the same court (Ruskin, J.), entered October 28, 1987, which, *inter alia,* granted the plaintiff's motion to resettle the judgment of divorce to the extent of incorporating therein certain provisions of the parties' separation agreement.

Ordered that the order is affirmed, with costs.

The parties herein were married in 1966 and in March 1974 they entered into a separation agreement which provided, *inter alia,* that the plaintiff would have custody of the two infant sons, and that the defendant would pay for certain medical costs in addition to alimony, child support, and the college costs of both boys. The agreement also provided that "any decree of divorce obtained by either party shall refer to, follow and embody the provisions of this agreement". The judgment of divorce entered on April 18, 1974, however, did not contain any of the terms of the separation agreement other than the awarding of custody of the two children to the plaintiff.

In May 1987 the plaintiff brought a motion seeking a money judgment for arrears in the sum of $16,118, representing unpaid college costs. The Supreme Court, by order dated July 15, 1987, denied the motion "without prejudice to the commencement of a plenary action" on the basis that the terms of the separation agreement had not been incorporated into the judgment of divorce, citing *Baker v Baker* (66 NY2d 649). Thereafter, the plaintiff moved to resettle the judgment of divorce so as to include the relevant provisions of the separation agreement. She also sought a money judgment for arrears and attorney's fees. By order entered October 28, 1987, the court granted that branch of the plaintiff's motion which

sought resettlement of the judgment, directed the defendant to make certain payments, granted leave to the plaintiff to bring a motion under Domestic Relations Law § 244 if he failed to do so, and denied the request for attorney's fees.

Contrary to the defendant's contention, the order of July 15, 1987, did not constitute the "law of the case" so as to preclude the granting of the plaintiff's motion to resettle the judgment of divorce. The doctrine of law of the case "provides that a determination on the merits of the same point within the same litigation binds [those] parties and also Judges of co-ordinate jurisdiction" (*Jones v State of New York*, 79 AD2d 273, 275; *also see, Martin v City of Cohoes*, 37 NY2d 162, 165; *Holloway v Cha Cha Laundry*, 97 AD2d 385, 386; *Metropolitan Package Store Assn. v Koch*, 89 AD2d 317, 321-322). The order of July 15, 1987, did not make a determination on the merits of the question of arrears, but denied the motion on a procedural ground. Further, the issue of whether the plaintiff was entitled to a resettlement of the judgment was not even raised in the prior motion or addressed in the prior order.

Since the intent of the parties, as evidenced by the language of the separation agreement, was that any judgment of divorce would incorporate the provisions of the separation agreement, the plaintiff was entitled to resettlement of the judgment of divorce so as to include those provisions as decretal paragraphs (*see, Hatsis v Hatsis*, 122 AD2d 111; *Filippini v Filippini*, 104 AD2d 787; *Cohn v Cohn*, 100 AD2d 528). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.