■ NORMAN BLAUSTEIN, Respondent, v JOETTE BLAUSTEIN, Appellant.—Motion by the defendant for reargument of a decision and order of this court, dated August 22, 1988 [143 AD2d 214], which determined an appeal from an order of the Supreme Court, Queens County (Levine, J.), dated July 8, 1987.

Ordered that the motion is granted, and that upon reargument, this court's decision and order dated August 22, 1988, is recalled and vacated and the following is substituted:

In a matrimonial action, the defendant wife appeals from (1) so much of a judgment of the Supreme Court, Queens County (Levine, J.), dated May 6, 1987, as allegedly failed to accurately incorporate the provisions of a stipulation of settlement dated April 19, 1987, and (2) an order of the same court, dated July 8, 1987, which denied her motion to resettle the judgment.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the order is dismissed, without costs or disbursements.

In the course of an action for divorce, the parties entered into a stipulation of settlement. A judgment was entered thereon and thereafter the defendant moved to resettle the

decretal paragraphs of the judgment on the ground that it failed to conform to the terms of the stipulation. The court denied this motion. The defendant now appeals from both the judgment and the order denying her motion.

The defendant maintains that the judgment failed to incorporate accurately the terms of the stipulation. We have examined the instant judgment and conclude that it does in fact accurately incorporate all the significant provisions found in the stipulation.

An order denying a motion to resettle the decretal paragraphs of a judgment is not appealable *(see, Hatsis v Hatsis,* 122 AD2d 111); accordingly, the appeal from the order must be dismissed.

In any event, although pursuant to CPLR 5019 (a) a trial or appellate court may correct a mistake, in the instant case, the trial court on this motion for resettlement had no revisory or appellate jurisdiction to correct an error in substance affecting the judgment. "Clerical errors or a mistake in the entry of the judgment or the omission of a right or relief to which a party is entitled as a matter of course may alone be corrected by the trial court through an amendment" *(Herpe v Herpe,* 225 NY 323, 327). The alleged error to which the defendant objects does not fall into any of the above categories. Therefore, the court was not empowered to amend the alleged error. Kooper, J. P., Spatt, Harwood and Balletta, JJ., concur.