■ In the Matter of VINTAGE AIRCRAFT INTERNATIONAL, INC., Appellant, v SPECIALTY RESTAURANTS CORPORATION, Respondent.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated March 26, 1986, which was confirmed by judgment entered October 1, 1986, the petitioner appeals from so much of an order of the Supreme Court, Rockland County (Kelly, J.), entered March 3, 1988, as, after a hearing, held that a certain "Hawker Sea Fury Aircraft" was undivided inventory and directed that, pursuant to the arbitrators' award, the aircraft be turned over to the respondent.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner, Vintage Aircraft International, Inc. (hereinafter VAI), contends, among other things, that there was insufficient evidence for the court to have found, as it did, that a certain "Hawker Sea Fury Aircraft" was undivided inventory, and therefore belonged to the respondent, Specialty Restaurants Corporation (hereinafter SRC) pursuant to the findings of the arbitrators. We disagree. The evidence adduced at the hearing shows that the subject aircraft was not unaccounted for, as two witnesses testified that they knew the whereabouts of it. However, the evidence was uncontroverted that it was never physically brought to the inventory site and "divided" with the rest of the inventory. Nor was any evidence presented that would tend to show that SRC disclaimed its rights to this airplane. All the evidence points to the fact that VAI had the subject aircraft brought to Rockford, Illinois, despite the fact that it was not listed as inventory or deemed "divided" by the arbitrators. The evidence was also clear that after the arbitrators' award was confirmed, a demand for the airplane was made by the respondent which was not complied with. There is no evidence in the record to warrant reversal of the finding of the hearing court.

We have examined the petitioner's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.