OPINION OF THE COURT
Arthur W. Lonschein, J.
This is a motion to modify the language of a 1972 divorce judgment. The parties had entered into an agreement, and the Honorable Frederic E. Hammer, now deceased, directed in his findings of fact and conclusions of law "that the agreement signed by the parties on April 7, 1971 be incorporated in judgment but is not to merge.” The judgment, apparently signed contemporaneously with the findings and conclusions, omitted any language incorporating the agreement, either expressly or by reference.
*582 Now, 18 years later, the defendant wife seeks a modification of the judgment so as to include appropriate language incorporating but not merging the agreement. The purpose of this is to take advantage of the 1988 amendment to Domestic Relations Law § 244, which allowed a spouse, entitled to support pursuant to an agreement incorporated in a judgment by reference, to enforce that right within the matrimonial action, instead of by plenary suit. The advantage of that procedure, of course, is that it allows the spouse to obtain counsel fees in addition to the support arrears.
The courts are generally unsympathetic to applications to amend judgment merely because later changes in the law might have led to a different result (Matter of Huie, 20 NY2d 568). A court has the power, however, to cure mistakes in a judgment, even including matters of substance, where there is irrefutable support in the record for the correction and no substantial right of a party is prejudiced (Solomon v City of New York, 127 AD2d 827).
Here, the record clearly shows that Justice Hammer intended that the agreement should be incorporated but not merged in the judgment. The husband points to no prejudice which will be incurred by him due to the amendment. Indeed, had the wife moved promptly for the resettlement of the judgment, her motion would have been granted automatically.
The question remaining, then, is whether the mere lapse of time, in the absence of prejudice, precludes the court from correcting the language of a judgment to conform to the irrefutable intent of a decision, verdict or, as in this case, findings of fact and conclusions of law. The court holds that it does not, and that such a correction may be made even after the lapse of 18 years. Even though the impetus for the motion may have come from a change in the law, the amendment is not due to the change, but is made in order to correct the original error.