■ In the Matter of VINTAGE AIRCRAFT INTERNATIONAL,
INC., Respondent, v SPECIALTY RESTAURANTS CORPORATION,
Appellant.—In a proceeding pursuant to CPLR article 75 to
confirm an arbitration award dated March 26, 1986, which
was confirmed by order and judgment of the Supreme Court,
Rockland County, entered October 1, 1986, Specialty Restau-
rants Corporation appeals from an order of the Supreme
Court, Rockland County (Kelly, J.), dated January 29, 1990,
which denied its motion to hold the petitioner in contempt
and for leave to enter a money judgment.

Ordered that the order is affirmed, without costs or dis-
bursements.

Following the dissolution of a business venture wherein the
parties had been engaged in the purchase and resale of 24
Hawker Fury aircraft and spare parts, an arbitration award
dated March 26, 1986, divided the inventory between the
parties and provided that any inventory undivided or unac-
counted for, "when identified and resolved", was to be trans-
ferred from Vintage Aircraft International, Inc. (hereinafter
Vintage) to Specialty Restaurants Corporation (hereinafter
Specialty). This award was confirmed by order and judgment
entered October 1, 1986, which contained the identical provi-
sion for the transfer of tangible property to Specialty.

Vintage failed to transfer title to a "2 seater Hawker Sea

Fury" aircraft which the court, following a hearing, held was undivided inventory in an order entered March 3, 1988. During the pendency of an appeal by Vintage from that order, Vintage informed the court that the airplane was destroyed by fire. The order entered March 3, 1988, was affirmed (see, *Matter of Vintage Aircraft Intl. v Specialty Rests. Corp.*, 153 AD2d 562). Specialty then moved to punish Vintage for contempt for its failure to transfer the airplane and for a money judgment for the value of the airplane. In the order appealed from, that motion was denied.

In the case at bar, Specialty failed to seek vacatur of the order and judgment entered October 1, 1986, or to take an appeal from it. There was no provision in the arbitration award, or the order and judgment entered October 1, 1986, confirming it, for the monetary equivalent of the airplane in the event the airplane was not produced. Thus, the order appealed from must be affirmed (see, *Pjetri v New York City Health & Hosps. Corp.*, 169 AD2d 100; *Pizzuto v Pizzuto*, 162 AD2d 443; *Blaustein v Blaustein*, 145 AD2d 591; *Blaustein v Blaustein*, 143 AD2d 214). In order to recover the monetary equivalent of the destroyed airplane or the insurance proceeds, Specialty must seek a vacatur or amendment of the order and judgment confirming the arbitration award. Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.