[615 NYS2d 899]

Susan Fishkin, Respondent, v Stanley Fishkin, Appellant.

Second Department, August 15, 1994

APPEARANCES OF COUNSEL

*Brandes Weidman & Spatz, P. C.,* New York City *(Joel R. Brandes, Carole L. Weidman* and *Kenneth S. Sternberg* of counsel), for appellant.

*Donald Frank,* New York City *(Steven Goldfeder* of counsel), for respondent.

### OPINION OF THE COURT

SULLIVAN, J. P.

These appeals arise out of certain lengthy and closely contested proceedings concerning the financial aspects of the parties' divorce. In August 1978, the parties entered into a separation agreement providing, *inter alia,* that custody of the parties' children would be with the wife. The husband was obligated to pay child support in a fixed amount, with certain credits to him for the payment of room and board expenses of the children in the event that they attended college and did not live at home. Moreover, the husband was required to pay a fixed amount for the support of the wife, and was also obligated to pay additional spousal support pursuant to a complex escalation clause formula which was based on the relative earnings of the parties. The comprehensive separation agreement further provided as follows: "This Agreement shall be offered into evidence in any [divorce] suit and shall be incorporated by reference in the decree that may be granted therein. The decree shall be in conformity with the provisions hereof and shall in no respect impair or modify this Agreement. This Agreement notwithstanding its incorporation by

reference shall not be merged in the decree but shall survive the same and shall be binding and conclusive on the parties." By judgment of the Supreme Court, Westchester County, dated December 20, 1979, the parties were divorced on the ground that they had lived separate and apart pursuant to the separation agreement for a period of one year or more following the execution of the agreement (see, Domestic Relations Law § 170 [6]).

By orders to show cause dated June 14, 1985 and September 10, 1985, respectively, the former wife moved, inter alia, for an upward modification of child support and for maintenance arrears and counsel fees. The husband cross-moved, inter alia, for an order directing a psychiatric examination of the former wife and the parties' children. A lengthy evidentiary hearing on the applications ended in a mistrial; hence, a second hearing was held. The court determined the motion and cross motion in an order entered on October 23, 1991, which, inter alia, increased the former husband's child support obligation and awarded certain amounts to the former wife for maintenance arrears and counsel fees. On December 9, 1991, the former wife moved for a money judgment for previously awarded maintenance arrears, child support arrears, and a money judgment for the previously awarded counsel fees. On February 3, 1992, she moved for new awards of counsel fees in connection with her defense of the former husband's appeal from the order entered October 23, 1991. These applications resulted in an order entered April 7, 1992, which, among other things, directed the entry of a judgment in favor of the former wife for maintenance and child support arrears of $110,732.76, counsel fees in the amount of $35,000, additional awards of counsel fees of $2,500 in connection with the prosecution of her application for a money judgment, and $15,000 in attorney's fees in connection with her defense of the former husband's appeal from the October 23, 1991, order. The award of counsel fees in connection with the appeal was made upon default after the former husband untimely opposed the application therefor and the court refused to consider his papers. Finally, a judgment in favor of the former wife and against the former husband in the principal amount of $110,732.76 was entered on or about April 17, 1992. The former husband appeals, as limited by his brief, from certain portions of the orders entered October 23, 1991 and April 7, 1992, as well as from the judgment dated April 17, 1992.

■ Initially, we note that various portions of the former

husband's appeals must be dismissed on procedural grounds. The appeal from that portion of the order entered October 23, 1991, which awarded the former wife $9,478 for maintenance arrears, and the appeal from that portion of the order entered April 7, 1992, which directed the entry of a judgment in favor of the former wife in the amount of $110,732.76, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment thereon (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from those portions of the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The appeal from that portion of the order entered October 23, 1991, which awarded counsel fees in the amount of $35,000 to the former wife is dismissed, as that portion of the order was superseded by the order entered April 7, 1992.

■ The appeal from that portion of the order entered April 7, 1992, which, upon the former husband's default, awarded counsel fees in the amount of $15,000 to the former wife, must also be dismissed, inasmuch as no appeal lies from a portion of an order made upon default (see, CPLR 5511; see also, Matter of Mitchell v Morris, 177 AD2d 579; Tongue v Tongue, 97 AD2d 638, affd 61 NY2d 809; Katz v Katz, 68 AD2d 536). While the former husband subsequently moved to vacate the portion of the order entered upon his default, he did not appeal from the denial of that motion. Accordingly, this portion of the order entered April 7, 1992, is beyond our review.

■ Turning to the merits, we find unpersuasive the former husband's contention, raised for the first time on these appeals, that the Supreme Court lacked the authority to entertain the former wife's applications to modify and enforce his support obligations. While the specific support provisions contained in the parties' separation agreement were not set out at length in the judgment of divorce (see generally, Baker v Baker, 66 NY2d 649), it is clear that Domestic Relations Law § 244, as amended by Laws of 1988 (ch 327, § 1) permits the enforcement of such provisions in a separation agreement where that agreement is incorporated by reference into the judgment of divorce (see, Curtis v Curtis, 151 AD2d 945). The former husband's claim that there was no such incorporation by reference in this case is belied by the record. While it is preferable to include the specific words "incorporated by reference" in a divorce judgment which is based on an agree-

ment between the parties, the mere absence of those words is not determinative. Here, there is no question that the parties intended that the terms of the separation agreement would be incorporated by reference into the subsequent divorce judgment and would be enforceable by way of a motion pursuant to Domestic Relations Law § 244. Indeed, "[t]he intention of the parties that the provisions of the separation agreement be incorporated but not merged into the judgment of divorce is clear from the language of the agreement itself" *(Merrick v Merrick,* 181 AD2d 503). Hence, were incorporation by reference lacking in this case, the former wife clearly would be entitled to the resettlement of the divorce judgment to achieve such incorporation and to thereby effectuate the parties' unequivocal intent *(see, Negron v Negron,* — AD2d —, 1994 NY Slip Op 5753 [2d Dept, June 20, 1994]; *Merrick v Merrick, supra; Roll v Roll,* 143 AD2d 651). However, we are satisfied that the judgment of divorce in this case sufficiently incorporated by reference the terms of the parties' separation agreement so as to permit enforcement under Domestic Relations Law § 244, inasmuch as it specifically referred to the agreement, indicated that a copy thereof had been placed on file with the court, and expressed the court's intention and authority to enforce the terms of the agreement should such enforcement be warranted in the future. We note in this regard that to the limited extent some of our prior decisions might be interpreted as reaching a contrary result under similar facts *(see, e.g., Guerriere v Guerriere,* 188 AD2d 583; *Matter of Neeley v Cuccia,* 143 AD2d 671), they should not be so interpreted. Moreover, it bears noting that in Point I of his appellate brief, the former husband takes the position that the separation agreement in this case *was* incorporated into the judgment of divorce, thereby further supporting our conclusion with respect to this issue.

We further find unpersuasive the former husband's claim that the Supreme Court erred in ordering an increase in child support. Upon our review of the record we find that there is sufficient evidence of change in the parties' circumstances and in the needs of the children to warrant the increase in child support *(see, Matter of Michaels v Michaels,* 56 NY2d 924; *Matter of Brescia v Fitts,* 56 NY2d 132). Moreover, we discern no error by the court in making the increase retroactive to the date of the former wife's application for this relief *(see, Rough v Kandell,* 135 AD2d 700). However, we agree with the former husband that the Supreme Court erred

in fixing the amount of child support arrears, inasmuch as it failed to properly credit him with the expenses he incurred for the college room and board costs of the children pursuant to article III (B) (4) of the separation agreement. Accordingly, we remit the matter for a hearing and recomputation of the arrears, with the aforementioned room and board expenses to be credited against the retroactive award of increased support (see, Petrie v Petrie, 124 AD2d 449).

We have reviewed the parties' evidentiary submissions and legal contentions with regard to the award of counsel fees in the amount of $35,000 in favor of the former wife, and we find no basis for concluding that this award constituted an improvident exercise of discretion (see generally, Domestic Relations Law § 237 [b]; § 238). However, we agree with the former husband that the court's subsequent award of counsel fees in the amount of $2,500 was improper, since such an award cannot be made on the basis of affirmations alone absent a stipulation to that effect (see, Silverman v Silverman, 193 AD2d 595). Accordingly, this latter application for counsel fees should be further explored at a hearing.

Furthermore, we find that the former husband is correct in contending that the award of maintenance arrears pursuant to article III (F) of the separation agreement was improperly calculated using the former wife's net or adjusted gross income rather than her "gross earnings" as specified in the agreement. The Supreme Court should have accorded the term "gross earnings" its plain meaning (see generally, Laba v Carey, 29 NY2d 302) by resorting to its description in the parties' agreement as total "salary and commissions" before deductions and expenses (see, Black's Law Dictionary 703 [6th ed 1990]). Hence, the hearing on remittitur should also encompass the recomputation of the maintenance arrears, and the former husband should be permitted to establish any appropriate offsets to the amount of arrears (e.g., the former wife's remaining indebtedness, if any, to the former husband in connection with a personal loan).

We have considered the parties' remaining contentions and find that no further relief is warranted herein.

BALLETTA, JOY and FRIEDMANN, JJ., concur.

Ordered that the appeal from that portion of the order entered October 23, 1991, which awarded to the former wife the sum of $9,478 for maintenance arrears, is dismissed with-

out costs or disbursements *(see, Matter of Aho,* 39 NY2d 241, 248, *supra);* and it is further,

Ordered that the appeal from that portion of the order entered October 23, 1991, which awarded counsel fees in the amount of $35,000 in favor of the former wife, is dismissed, without costs or disbursements, as that portion of the order was superseded by the order entered April 7, 1992; and it is further,

Ordered that the order entered October 23, 1991, is modified, on the law and the facts, by deleting therefrom the provision thereof which awarded the former wife the sum of $56,756 in maintenance arrears; as so modified the order entered October 23, 1991, is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and recomputation of those arrears in accordance herewith; and it is further,

Ordered that the appeal from that portion of the order entered April 7, 1992, which directed entry of a judgment in favor of the former wife in the sum of $110,732.76, is dismissed without costs or disbursements *(see, Matter of Aho,* 39 NY2d 241, 248, *supra);* and it is further,

Ordered that the appeal from that portion of the order entered April 7, 1992, which, upon the former husband's default, awarded the former wife counsel fees in the amount of $15,000 for attorney's fees to defend the former husband's appeal from the order entered October 23, 1991, is dismissed; and it is further,

Ordered that the order entered April 7, 1992, is modified, on the law, by deleting the provision thereof which awarded the former wife counsel fees in the amount of $2,500 in connection with the prosecution of her application for a money judgment; as so modified, the order entered April 7, 1992, is affirmed insofar as reviewed without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith to determine the amount of counsel fees to be awarded; and it is further,

Ordered that the judgment dated April 17, 1992, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new hearing and determination in accordance herewith.