JEANNE Cox, Respondent, v RAYMOND Cox, Appellant.
[644 NYS2d 77] —Mikoll, J. P.

Defendants appeal from an order of Supreme Court which denied his motion to resettle the judgment of divorce and also appeals from an order which granted plaintiff's motion to amend the judgment of divorce. The issue herein is whether the supplemental order entered October 28, 1994 contradicts the stipulation of settlement of the parties' divorce action which was entered into by them on November 20, 1992 and was incorporated but not merged in the divorce decree.

Initially, we note that defendant's appeal from the denial of his motion to resettle the judgment of divorce is not appealable (*see*, *Pizzuto v Pizzuto*, 162 AD2d 443, 444).

As to the supplemental order entered October 28, 1994, defendant contends that it in effect modifies the judgment of divorce in that it adds thereto a provision which contradicts the stipulation in settlement of the divorce action. Defendant challenges the addition of the following provision: "Ordered, that since the parties have been married for more than one (1) year, the alternate payee shall be treated as the surviving spouse of the defendant, Raymond Cox, for the purposes of the joint survivor annuity and pre-retirement survivor annuity provisions of Section 401 (a) (11) and 417 of the Internal Revenue Code * * * if the defendant, Raymond Cox, predeceases the alternate payee, the alternate payee shall receive the aforesaid portion of death benefits available to the defendant, Raymond Cox, under the plan."

The record discloses that a mutual judgment of divorce was granted to both plaintiff and defendant on February 4, 1993 into which was incorporated the stipulation of settlement entered into by the parties on November 20, 1992 by reference but not merged therein. The stipulation was to survive the decree. On October 28, 1994 the supplemental order amending the divorce decree was entered which granted plaintiff maximum survivor annuity benefits under USC § 8341 (h) (1), as former spouse of defendant.

A modification of the judgment of divorce which would terminate the legal effect of the stipulation of settlement can-

not be sustained (*see, supra,* at 444). Supreme Court, on plaintiff's motion for resettlement, has no revisory or appellate jurisdiction to correct an error of substance affecting the judgment (*see, Blaustein v Blaustein,* 145 AD2d 591). An examination of the judgment of divorce, as amended by the supplemental order, puts the decree in contradiction to the stipulation in settlement. The order entered October 28, 1994 must be reversed to the extent that it orders plaintiff to be accorded survivor rights to defendant's Federal pension.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the appeal from the order entered October 14, 1994 is dismissed, without costs. Ordered that the order entered October 28, 1994 is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion and accorded her survivor rights in defendant's Federal pension; motion denied to that extent; and, as so modified, affirmed.