■ SHELLEY M. VOLLBRECHT, Respondent, v R. WILLIAM VOLLBRECHT, Appellant. [667 NYS2d 792] —Crew III, J. Appeals (1) from an order of the Supreme Court (Canfield, J.), entered May 16, 1996 in Albany County, which, *inter alia*, directed that an additional hearing be held, and (2) from a judgment of said court ordering, *inter alia*, equitable distribution of the

---

parties' marital property, entered December 23, 1996 in Albany County, upon a decision of the court.

By judgment entered October 9, 1992, Supreme Court (Conway, J.), granted the parties a mutual judgment of divorce. It appears that during the ensuing three years, no action was taken by either party with respect to the aforementioned judgment of divorce (hereinafter the first judgment of divorce). Thereafter, in October 1995, plaintiff moved by order to show cause seeking to "implement" the terms of the first judgment of divorce and requesting, *inter alia*, an inquest to determine an appropriate award of maintenance. By order entered May 16, 1996, Supreme Court (Canfield, J.) concluded, *inter alia*, that plaintiff's application could not be resolved without an additional fact-finding hearing. Ultimately, by judgment entered December 23, 1996, Justice Canfield, noting certain inconsistencies between the first judgment of divorce and the parties' respective findings of fact and conclusions of law, issued a second judgment of divorce which, *inter alia*, awarded plaintiff maintenance in the amount of $50 per week for three years, retroactive to August 31, 1992 (the date of the first judgment of divorce). These appeals by defendant ensued.

Justice Canfield's stated authority for the second judgment of divorce is CPLR 5019 (a), which provides that: "A judgment or order shall not be stayed, impaired or affected by any mistake, defect or irregularity in the papers or procedures in the action *not affecting a substantial right of a party*. A trial or appellate court may require the mistake, defect or irregularity to be cured" (emphasis supplied). Case law makes clear, however, that this provision may not be invoked where a substantial right of a party is at stake (*see, Herpe v Herpe*, 225 NY 323, 327; *Cox v Cox*, 228 AD2d 773, 774, *lv dismissed* 89 NY2d 860; *Poughkeepsie Sav. Bank v Maplewood Land Dev. Co.*, 210 AD2d 606, 608; *Blaustein v Blaustein*, 145 AD2d 591, 592). Inasmuch as the first judgment of divorce failed to award plaintiff either maintenance or a share in a certain parcel of real property and the second judgment of divorce awarded plaintiff, *inter alia*, retroactive maintenance and $10,000 as her equitable share of the parcel in question, it cannot seriously be argued that defendant's rights were not significantly impaired. The action taken by Justice Canfield, however well intentioned, goes far beyond the scope of CPLR 5019 (a) and, quite simply, the court was without authority to act as it did (*see, e.g., Blaustein v Blaustein, supra*). Specifically, in entertaining plaintiff's application, Justice Canfield had no revisory or appellate jurisdiction to correct any substan-

tive error in the judgment rendered by Justice Conway, which is precisely what occurred here (*see generally, Cox v Cox, supra*). Accordingly, the judgment of divorce entered December 23, 1996 is a nullity and, as such, the appeal therefrom must be dismissed (*see generally, Brown v Konczeski*, 242 AD2d 847). In light of this conclusion, the appeal from Justice Canfield's May 16, 1996 order is dismissed as academic.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the appeal from the judgment entered December 23, 1996 is dismissed, without costs. Ordered that the appeal from the order entered May 16, 1996 is dismissed, as academic, without costs.