■ ADELE F. LAFFERTY, Respondent, v RONALD J. LAFFERTY, Appellant. JAMES M. LAFFERTY, Nonparty Appellant. [682 NYS2d 75] —In an action for a divorce and ancillary relief, the defendant Ronald J. Lafferty and his father, nonparty James M. Lafferty, appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Westchester County (Barone, J.), dated January 26, 1998, which, *inter alia*, granted custody of the infant children to the plaintiff, awarded the plaintiff the personal property in the marital residence, stated that the defendant's law school degree and license to practice law and the plaintiff's master's degree in education constituted marital property but that "no distributive award [thereof] is made", and directed James M. Lafferty to execute certain deeds.

Ordered that the judgment is modified, on the law, by (1) deleting the second decretal paragraph thereof, and substitut-

ing therefor a provision awarding joint custody of the infant children to the husband and the wife, (2) deleting so much of the fourth decretal paragraph as awarded the plaintiff the personal property in the marital residence, and substituting therefor a provision distributing the personal property in the marital residence as enumerated in the parties' stipulation of settlement, and (3) deleting the eighth decretal paragraph thereof, and substituting therefor a provision stating that the husband and wife respectively waive their claims to an interest in the professional licenses of the other; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

It is well settled that a stipulation of settlement is an independent contract binding on the parties, and that a court may not impair a party's contractual rights under the agreement by modifying the judgment of divorce (*see, Rainbow v Swisher,* 72 NY2d 106, 109; *Verasco v Verasco,* 225 AD2d 616). Moreover, the stipulation of settlement, which was agreed to by the plaintiff and the defendant in open court, is strictly enforceable, absent a showing of fraud, or some other ground sufficient to vitiate a contract (*see, Manno v Manno,* 196 AD2d 488, 489). However, contrary to the defendant's contentions, the provision of the judgment directing that visitation with his two teenaged children take place away from the marital residence, and the provision utilizing the statutory language of Domestic Relations Law § 240 (1-b) (h) to explain the deviation from the basic child support obligation, did not modify the stipulation of settlement so as to impair any of his contractual rights (*cf., Lamberti v Lamberti,* 158 AD2d 449, 450).

Nevertheless, the provisions of the judgment regarding child custody, the personal property in the marital residence, and the equitable distribution of the parties' respective professional licenses impermissibly altered the stipulation of settlement, and are modified accordingly.

The appellants' remaining contentions are without merit. Rosenblatt, J. P., Ritter, Copertino and Thompson, JJ., concur.