[693 NYS2d 315]

CONSTANCE VON SCHAAF, Respondent, v KARL L. VON SCHAAF, Appellant.

Third Department, July 22, 1999

APPEARANCES OF COUNSEL

*Kahn & Richardson,* Albany (*Florence M. Richardson* of counsel), for appellant.

*Kathryn M. Barber,* Albany (*Ihor B. Evanick, McCarthy & Evanick* of counsel), for respondent.

## OPINION OF THE COURT

CREW III, J.

Plaintiff and defendant were married in Georgia in 1960 and had six children, all of whom apparently now are emancipated. In June 1992, the parties entered into a separation agreement in Schoharie County, pursuant to the terms of which plaintiff was to receive $800 per month in support and maintenance via a bank transfer from defendant's pension deposits. The agreement, which was to be construed according to the laws of New York, further provided that it would be incorporated by reference in any resulting divorce decree.

Defendant thereafter relocated to North Carolina where, in 1995, he sued plaintiff for divorce. Plaintiff ultimately consented to the requested relief and a judgment of absolute divorce was granted to the parties in 1996, with said judgment incorporating by reference the aforementioned separation agreement.

Beginning in November 1996, defendant initiated various proceedings in North Carolina relative to the support and maintenance provisions of the separation agreement, which culminated in an October 1997 order staying defendant's obligations thereunder pending plaintiff's compliance with certain outstanding discovery demands. Plaintiff thereafter commenced this action against defendant and, in January 1998, moved for an order sequestering defendant's pension assets, a qualified domestic relations order to effectuate the distribution of such pension and two money judgments for arrears and legal fees, respectively. Defendant cross-moved for dismissal, contending that the separation agreement had merged into the North Carolina divorce decree and, hence, Supreme Court lacked subject matter jurisdiction.

By judgment entered April 7, 1998, Supreme Court denied the cross motion and granted defendant 20 days to respond to plaintiff's motion. Following receipt of defendant's answering affidavit Supreme Court, by order entered June 23, 1998, granted plaintiff the requested relief finding, *inter alia*, that the parties' separation agreement survived the North Carolina

judgment of divorce and, hence, provided a contractual basis upon which plaintiff could seek enforcement of the agreement in this State. Supreme Court thereafter issued an amended order, entered October 4, 1998, correcting the name of defendant's pension fund. These appeals by defendant followed.

We affirm. Where a judgment of divorce is silent as to whether the underlying separation agreement is to survive or merge therein, we must, consistent with basic principles of contract interpretation, attempt to glean the parties' intent from within the four corners of the agreement itself (see, Rainbow v Swisher, 72 NY2d 106, 109). If the agreement is clear and unambiguous on its face, our inquiry is at an end (see, id., at 109). Should an ambiguity be evident, a factual hearing should be held where extrinsic evidence may be received in an effort to determine the parties' intent (see, Small v Small, 115 AD2d 201, 202). In the event that no extrinsic evidence is available, or a review of such evidence fails to resolve the issue of the parties' intent, the separation agreement is presumed to survive the resulting decree.*

In our view, a review of the underlying separation agreement plainly evidences the parties' intent that such agreement survive the resulting judgment of divorce. Accordingly, the separation agreement remained a separate and enforceable contract upon which plaintiff could seek relief and provided Supreme Court with a valid basis for exercising subject matter jurisdiction over this dispute. Defendant's remaining contentions, including his assertion that the October 1997 North Carolina order staying his obligations under the aforementioned separation agreement pending plaintiff's compliance with certain outstanding discovery demands operates as a defense to the instant action, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur.

Ordered that the judgment and orders are affirmed, without costs.

---

* To the extent that this Court's prior decision in Steinard v Steinard (221 AD2d 835) holds to the contrary, we reject the reasoning employed therein.