■ ROSALIE SENDELBACH, Respondent, v ROBERT CARAVAGGI, Appellant. [726 NYS2d 557] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about August 23, 2000, which, insofar as appealed from, denied defendant's motion to dismiss as time-barred so much of the complaint as seeks to recover maintenance arrears, unanimously affirmed, without costs.

Defendant argues that plaintiff's claim for maintenance as provided in the parties' 1988 separation agreement is substantially barred by the six-year Statute of Limitations in CPLR 213 (2) governing contract actions. Plaintiff opposes on the ground that the separation agreement was incorporated but not merged in the parties' 1991 divorce judgment and is therefore governed by the 20-year Statute of Limitations in CPLR 211 (e). The separation agreement itself unambiguously calls for its incorporation without merger into any divorce judgment. In addition, among the few clauses left undisturbed in the heavily redacted standard form divorce judgment were

those calling for the incorporation of a separation agreement without merger. The only source of possible doubt as to the parties' intent to incorporate the separation agreement into the divorce judgment is that the spaces in these clauses for filling in the date of the separation agreement were left blank, and, contrary to the terms of these clauses, the separation agreement was not annexed to the judgment's findings of fact. However, we are persuaded that such omissions were clerical in nature, and therefore may be corrected (*see, Merrick v Merrick*, 181 AD2d 503) by the language in the separation agreement requiring the party instituting a divorce action to "request" that the judgment "contain a provision" incorporating the agreement without merger. We have considered and rejected defendant's argument that plaintiff waived her right to enforce maintenance arrears. Concur—Nardelli, J. P., Williams, Tom, Mazzarelli and Marlow, JJ.