■ JACK TOMOR et al., Respondents, v 1733 DEVELOPMENT CORP., Appellant, et al., Defendants. [746 NYS2d 614] ■■■■■■

The defendants Jacob Frank and Rachel Frank executed a mortgage note securing their payment of a loan made by the plaintiffs for the Franks' purchase of certain real property. After the Franks defaulted on the mortgage note, the parties submitted to arbitration before a rabbinical tribunal, a Beth Din, which awarded the plaintiffs the full amount of the outstanding debt.

The plaintiffs commenced this action against, among others, the Franks and Ocean View Equities Corp. (hereinafter Ocean View), the entity to which the Franks had since conveyed title to the premises. Thereafter, 1733 Development Corp. (hereinafter 1733) took title to the premises and the complaint was amended to add 1733 as a defendant.

During the pendency of this action, the plaintiffs commenced a separate proceeding, inter alia, to confirm the arbitration award. The Franks submitted a document during that proceeding which purportedly had been signed by the plaintiff Jack Tomor acknowledging payment of the outstanding debt in full satisfaction of the mortgage note. However, the plaintiffs denied receipt of such payment. The Supreme Court rendered a decision confirming the arbitration award but stayed entry of any subsequent judgment of confirmation pending a hearing on the validity of the alleged accord and satisfaction. Thereafter, the plaintiffs withdrew that proceeding, with prejudice.

In this action, the Franks, Ocean View, and 1733 all moved to dismiss the second amended complaint arguing, inter alia, that the action was barred by the election of remedies doctrine under RPAPL 1301 (1). The Supreme Court denied the respective motions, finding, among other things, that its prior denial of a summary judgment motion made by Ocean View on the ground of the election of remedies doctrine constituted law of the case.

RPAPL 1301 (1) provides that: "[w]here final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment to the sheriff of the county where he resides, if he resides within the state, or if he resides without the state, to the sheriff of the county where the judgment-roll is filed; and has been returned wholly or partly unsatisfied."

Contrary to the appellants' contention, the plaintiffs are not precluded from pursuing this action since final judgment was

not rendered in the proceeding to confirm the arbitration award (*see* RPAPL 1301 [1]; *cf. Finkelstein v Ilan,* 239 AD2d 545, 547). Hence, there has been no "final judgment * * * rendered * * * to recover any part of the mortgage debt" within the meaning of RPAPL 1301 (1).

The Franks and 1733 correctly contend that the Supreme Court erroneously applied the law of the case doctrine in denying their respective motions to dismiss the second amended complaint insofar as asserted against them, since the Franks did not join in the prior motion and 1733 was not a party at such time (*see generally Matter of American Ins. Co.,* 43 NY2d 184, 190; *Roll v Roll,* 143 AD2d 651, 652). However, such error is of no consequence since the plaintiffs were not precluded by RPAPL 1301 (1) from pursuing this action.

We have examined the appellants' remaining contentions, and find them to be without merit. H. Miller, J.P., Townes, Crane and Cozier, JJ., concur.