■ SALLY DAVIS-TAYLOR, Appellant, v MARC DAVIS-TAYLOR, Respondent. [772 NYS2d 730]—

Mercure, J.P. Appeal from an order of the Supreme Court (Hall, J.), entered December 4, 2002 in Saratoga County, which, inter alia, vacated so much of a prior order of the court as held defendant in contempt.

The parties were divorced in 2002 pursuant to a judgment that required defendant to pay a distributive award to plaintiff on a monthly basis. The judgment was based on an oral stipulation between the parties.* In accordance with both the judgment and the stipulation, payments, together with accrued interest in the amount of four percent per year, were to commence in January 2002. In the event of default, the interest rate was to increase to nine percent per year.

Defendant failed to make any of the distributive award payments and plaintiff moved to have him held in contempt, as well as for an award of counsel fees. When defendant did not appear on the scheduled return date, an order was entered holding him in contempt and sentencing him to weekend incarceration for a period of six months. The order further directed that he pay plaintiff the distributive award arrearages and $2,000 in counsel fees. Upon defendant's subsequent motion to vacate the order holding him in contempt and to excuse his default, Supreme Court vacated the order and reduced defendant's counsel fee obligation to $1,000. The court ordered defendant to begin making the payments on December 20, 2002, and declined to either order payment of arrearages or impose the nine percent interest rate agreed to by the parties in the event of default. Plaintiff appeals and we affirm.

The decision of whether to hold in contempt a party who fails

---

* Although the parties agreed that they would execute a more detailed written stipulation to be incorporated, but not merged, into the divorce judgment, the judgment did not expressly incorporate either a written or an oral stipulation.

to comply with a court order rests within the court's sound discretion (*see Di Filippo v Di Filippo*, 300 AD2d 1003, 1004 [2002]; *see also* Domestic Relations Law § 245). Here, Supreme Court accepted defendant's explanation for his default—that he misread the return date on the order to show cause—as a reasonable excuse (*cf. Corpuel v Galasso*, 240 AD2d 531, 532 [1997], *lv dismissed* 91 NY2d 922 [1998]). In addition, Supreme Court determined that defendant's failure to comply with the divorce judgment was neither contumacious nor willful given his sincere, if mistaken, belief that he was not required to make distributive award payments until after he had completed making durational maintenance payments (*see Allen v Allen*, 83 AD2d 708, 709 [1981]). Under the circumstances presented here, we cannot say that Supreme Court abused its discretion in either vacating the prior order of contempt or in reducing the amount of counsel fees awarded to plaintiff in connection with her motion to hold defendant in contempt (*see Haydock v Haydock*, 254 AD2d 577, 578 [1998]; *see also* Domestic Relations Law § 238).

We similarly find no abuse of discretion in Supreme Court's determination altering the starting date of the distributive award payments and refusing to increase the interest rate. "It is well settled that a stipulation of settlement is an independent contract binding on the parties, and that a court may not impair a party's contractual rights under the agreement by modifying the judgment of divorce" (*Lafferty v Lafferty*, 256 AD2d 445, 446 [1998] [citations omitted]). Although the divorce judgment is wholly silent on the incorporation of the oral stipulation, plaintiff asserts that the stipulation was incorporated without merger into the judgment and that Supreme Court therefore lacked the authority to alter the terms of the stipulation. We disagree.

Where a stipulation is not expressly incorporated into a divorce judgment, a party is entitled to resettlement of the judgment to achieve incorporation if "the parties' unequivocal intent" was that such incorporation occur (*Fishkin v Fishkin*, 201 AD2d 202, 207 [1994]; *see Sendelbach v Caravaggi*, 284 AD2d 259, 259-260 [2001]; *Roll v Roll*, 143 AD2d 651, 652 [1988]). Here, while the parties agreed to execute a written stipulation which would be incorporated, but not merged, into the divorce judgment, no written stipulation exists and no similar agreement was reached with respect to the oral stipulation. Inasmuch as the stipulation was not expressly incorporated and the parties' intent remains unclear, we cannot say that plaintiff is entitled to have the stipulation incorporated, but not merged, into the divorce judgment (*cf. Fishkin v Fishkin, supra* at 204-

207 [holding that resettlement of judgment is appropriate where agreement requires incorporation into divorce judgment]; *Roll v Roll, supra* at 651-652 [concluding that incorporation is necessary where separation agreement indicated that judgment should "refer to, follow and embody the provisions of" the agreement]). Accordingly, we conclude that Supreme Court had discretion to modify the judgment and did not abuse that discretion in altering the starting date of the distributive award payments and declining to impose the nine percent per year interest rate (*see Pozzobon v Pozzobon*, 54 AD2d 1127 [1976]; *cf. Grieco v Grieco*, 307 AD2d 488, 488 [2003]; *Lafferty v Lafferty, supra* at 446 [1998]).

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.