■ SALLY (BUNK) VENTURA, Formerly Known as SALLY JEAN LEONG, Appellant, v ERIC N. LEONG, Respondent. [890 NYS2d 687]—

Stein, J.

The parties were married in Maryland in 1987, had a daughter (born in 1990) and were subsequently divorced in Albany County in 1994 while plaintiff was living in New York with the parties' child and defendant was residing in California. The parties' settlement agreement provided, among other things, that they would equally share their child's postsecondary educational expenses and that the agreement would be incorporated, but not merged, into the judgment of divorce. Although the findings of fact and conclusions of law expressly stated that the child

support provisions of the agreement were "fully incorporated in the judgment of divorce," the final judgment itself—signed and dated the same day as the findings of fact and conclusions of law—made no reference to the settlement agreement. At some point after the divorce was final, plaintiff and the child moved to Connecticut and defendant moved to Oklahoma. In 2007, plaintiff obtained an order in Oklahoma modifying child support.

After incurring expenses for the child's postsecondary education, plaintiff sought reimbursement from defendant. When her efforts were unsuccessful, plaintiff moved in this state to enforce the parties' judgment of divorce, seeking to hold defendant in contempt and to secure his payment of a share of the child's college expenses.[1] Defendant cross-moved to dismiss plaintiff's application asserting, among other things, that Supreme Court lacked subject matter jurisdiction and the child's constructive emancipation relieved him of his support obligations. Supreme Court denied plaintiff's motion and granted defendant's cross motion. Plaintiff now appeals.

Supreme Court's dismissal was based, in part, on its finding that the provisions of the settlement agreement pertaining to payment of the child's college expenses were not incorporated in the judgment of divorce and, therefore, there was no New York order to enforce with respect to such expenses. Supreme Court also determined, in any event, that it lacked subject matter jurisdiction to enforce the judgment of divorce by operation of the Uniform Interstate Family Support Act (see Family Ct Act art 5-B [hereinafter UIFSA]). Additionally, Supreme Court concluded that the settlement agreement did not constitute an independently enforceable contract.

We begin with an analysis of whether the provisions of the parties' settlement agreement concerning payment of the child's educational expenses were incorporated into the judgment of divorce and, if so, whether those provisions merged into the judgment. We have held that "[w]here a judgment of divorce is silent as to whether the underlying [settlement] agreement is to survive or merge therein, we must, consistent with basic principles of contract interpretation, attempt to glean the parties' intent from within the four corners of the agreement itself" (Von Schaaf v Von Schaaf, 257 AD2d 296, 298 [1999]; see gener-

---

1. Although plaintiff's application was denominated an order to show cause with a "petition" and was ascribed (by plaintiff) a different docket number than had been assigned to the parties' divorce action, Supreme Court exercised its discretion to convert plaintiff's application into a motion for enforcement of the judgment of divorce (see CPLR 103 [c]; 104).

*ally Rainbow v Swisher*, 72 NY2d 106, 109 [1988]). Likewise, where, as here, the judgment is silent as to whether the underlying agreement is incorporated therein, we look to the agreement to attempt to ascertain the parties' intent (*see Fishkin v Fishkin*, 201 AD2d 202, 206-207 [1994]; *Merrick v Merrick*, 181 AD2d 503 [1992]).

In this case, the intention of the parties in that regard "is clear from the language of the agreement itself, and the same intention on the part of the Supreme Court is clear from its findings of fact and conclusions of law" (*Merrick v Merrick*, 181 AD2d at 503; *see Fishkin v Fishkin*, 201 AD2d at 206-207). Inasmuch as the agreement clearly evinces the parties' intent both that it be incorporated in the judgment of divorce and that it not merge therein (*see Von Schaaf v Von Schaaf*, 257 AD2d at 298; *compare Rainbow v Swisher*, 72 NY2d at 109 [direct conflict between provisions of judgment and provisions of separation agreement]), and absent any evidence that a substantial right of defendant will be affected, we find, in our discretion, that the mistake in the judgment should be cured so as to conform its terms with the parties' unequivocal intent (*see* CPLR 5019 [a]; *see generally Von Schaaf v Von Schaaf*, 257 AD2d at 298; *Rizzo v Rizzo*, 147 Misc 2d 581, 582 [1990]; *compare Vollbrecht v Vollbrecht*, 246 AD2d 793, 794-795 [1998]; *Cox v Cox*, 228 AD2d 773, 773-774 [1996], *lv dismissed* 89 NY2d 860 [1996]).

Turning now to the question of whether Supreme Court has subject matter jurisdiction to enforce the judgment of divorce, we note that the UIFSA was created, in part, to alleviate the confusion engendered by multiple child support orders[2] from different jurisdictions (*see* Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act art 5-B, Introductory Commentary, at 283; *Matter of Daknis v Burns*, 278 AD2d 641, 643 [2000]). It is well settled that the UIFSA is addressed to the courts' subject matter jurisdiction to entertain support proceedings where there is more than one state involved (*see generally Matter of Spencer v Spencer*, 10 NY3d 60, 66 [2008]; *Matter of Auclair v Bolderson*, 6 AD3d 892, 893-894 [2004], *lv denied* 3 NY3d 610 [2004]).

As relevant here, under the UIFSA, once Oklahoma issued an order modifying the New York judgment of divorce, this state continued to have jurisdiction to enforce the judgment only with respect to amounts in arrears under the judgment that ac-

---

**2.** For purposes of the UIFSA, a "support order" includes a judgment, decree or order that provides for, among other things, monetary support, arrearages or reimbursement (*see* Family Ct Act § 580-101 [21]).

crued before the modification and any nonmodifiable[3] provisions of the judgment (see Family Ct Act § 580-612). Thus, to the extent that plaintiff's claims fall within those parameters, Supreme Court has subject matter jurisdiction to entertain them. Plaintiff argues that Supreme Court's jurisdiction was expanded by the parties' settlement agreement, which provided that "the courts of New York State shall have jurisdiction to make whatever orders may be necessary or desirable to carry out this agreement, [and] determine issues with regard to the . . . support and welfare of the child." We disagree, as subject matter jurisdiction "cannot be conferred on the court even by stipulation of the parties" (Siegel, NY Prac § 8, at 11 [4th ed]; see generally Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983]; Matter of Newham v Chile Exploration Co., 232 NY 37, 42 [1921]; Morrison v Budget Rent A Car Sys., 230 AD2d 253, 257-259 [1997]).[4]

Based upon Supreme Court's dismissal of plaintiff's application on other grounds, that court did not address the merits of plaintiff's claims or of defendant's claim that the child was constructively emancipated. Therefore, the matter must be remitted to Supreme Court for further development of the record.

The parties' remaining contentions have been considered and are unavailing.

Cardona, P.J., Peters, Kane and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion; motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

**3.** Although plaintiff attempts to equate the word "nonmodifiable" with "not modified," we find such contention to be without merit (see generally Family Ct Act § 580-612).

**4.** We note, however, that to the extent plaintiff may have a viable cause of action based upon breach of the agreement as "a separate and enforceable contract upon which plaintiff could seek relief" (Von Schaaf v Von Schaaf, 257 AD2d at 298), UIFSA's jurisdictional limitations would not be applicable (see Family Ct Act § 580-101 [21]; § 580-904).