■ LISA CHICHKOV, Now Known as LISA MARX, Appellant, v SVETLAN CHICHKOV, Respondent. [917 NYS2d 426]—

Malone Jr., J. Appeal from an order of the Supreme Court (Zwack, J.), entered August 21, 2009 in Ulster County, which denied plaintiff's motion to hold defendant in contempt.

The parties were divorced by a judgment of divorce entered in January 2008, the terms of which required defendant to, among other things, reimburse plaintiff before June 6, 2008 for certain then-undetermined out-of-pocket medical expenses and to make payment directly to the providers for other undetermined medical expenses that plaintiff had incurred. In June 2008, plaintiff moved, by order to show cause, to hold defendant in contempt for allegedly failing to pay for the medical expenses as directed in the judgment of divorce. Following a hearing, which defendant did not attend, Supreme Court found defendant to be in contempt and issued a warrant for his arrest. However, after receiving the court's order, defendant contacted the court and alleged that he never received notice of the hearing. As a result, the court reopened the contempt hearing. Following a subsequent hearing, which defendant attended, the court denied the contempt motion, with prejudice. Plaintiff appeals.

Supreme Court did not abuse its discretion in denying plaintiff's motion for contempt (*see Davis-Taylor v Davis-Taylor*, 4 AD3d 726, 727-728 [2004]; *see also* Domestic Relations Law § 245). With respect to that part of the motion related to medical expenses that plaintiff had not paid out-of-pocket, plaintiff admitted that those debts had been discharged in a bankruptcy proceeding and, thus, were no longer outstanding debts for which defendant can be held responsible pursuant to the judg-

ment of divorce. As for plaintiff's out-of-pocket expenses, which were "undetermined" at the time the judgment of divorce was entered, plaintiff sent defendant a letter in which she claimed that the balance defendant owed to her was $1,056.94. When defendant requested independent proof supporting her claim—which proof he is entitled to receive—plaintiff did not respond but, instead, sought to hold defendant in contempt. At the hearing, defendant's counsel indicated that defendant was willing to pay plaintiff any amount that she could prove was owed to her. Plaintiff acknowledged, however, that she was not in possession of receipts or other proof of the amount that she claimed defendant owed. Consequently, it cannot be said that Supreme Court abused its discretion by concluding that plaintiff did not establish that defendant's failure to reimburse her was willful (*see Davis-Taylor v Davis-Taylor*, 4 AD3d at 728).

Finally, plaintiff's contentions that Supreme Court erred by reopening the contempt hearing following defendant's default and by failing to conduct a traverse hearing on the issue of service of process are not preserved for our review. Any remaining contentions not specifically addressed herein have been considered and determined to be without merit.

Mercure, J.P., Peters, Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.