HELEN G. KRELL, Plaintiff, *v.* JOHN H. KRELL, Defendant.

Supreme Court, Niagara County, June 14, 1948.

**2**

*Hunt & Hunt* for plaintiff.

*Hovey & Kushner* for defendant.

CLINTON T. HORTON, Official Referee. This is an action for an accounting of the earnings of the defendant and for recovery of the amount claimed by the plaintiff as due her upon a separation agreement between the parties dated December 4, 1937.

This agreement was carefully drawn and for the purpose of this action may be treated as providing for the payment by defendant of one half his monthly earnings including increases in same, retaining for himself the other half. There were five children of the parties and the agreement provided that custody of two of them should be with the defendant and the other three with the plaintiff, each party to pay for the support and maintenance of such children as were awarded to him or her.

The first question to be determined is whether the plaintiff may enforce the terms of this agreement or whether by her application for alimony in a subsequent action brought by the defendant against her for divorce upon which application relief was granted to her, she waived her rights under the agreement and is bound by an order of the court as to the payments to her for the support of herself and the three children. The divorce action is still undetermined. The plaintiff insists that she has not elected to abandon her claims under the separation agreement; that it is still valid and enforcible, and that the defendant's obligation to her is measured by its terms unaffected by her motion for alimony in the divorce action brought against her by defendant.

About April 8, 1940, the plaintiff brought a previous action for accounting against the defendant upon the agreement in which judgment was rendered in her favor on September 13, 1940, for $368.92 and costs with the further provision " that plaintiff is entitled to recover from the defendant one-half of the defendant's wages since June 1st, 1940, less any sums paid by him to apply thereon ".

At that time the defendant was earning $160 per month. Thereafter in supplementary proceedings an order was duly made on October 24, 1940, directing that the defendant pay $80 per month, one half of his then wages, to the plaintiff on the current obligation and $10 a month to apply upon the back judgment. This amount the defendant has paid and he has also paid up to the present time the sum of $80 per month. Of late years his salary has been very greatly increased and plaintiff is now asking in this action that she be awarded one half of his additional earnings as per the terms of the separation agreement.

In the divorce action above referred to, the plaintiff herein as defendant served a general denial verified November 30, 1940, and on the same date made a motion for temporary alimony and counsel fees, submitting as part of the moving papers the aforesaid separation agreement, the judgment of September 13, 1940, and the above order of October 24, 1940, together with her affidavit.

Upon the hearing of this motion before Mr. Justice MacGregor on December 16, 1940, the court awarded counsel fee of $100 and further ordered that the " application for alimony *pendente lite* be and the same is hereby denied so long as the plaintiff herein makes the payments of Eighty Dollars ($80) and Ten Dollars ($10) per month as directed in the order of this Court, dated 24th day of October, 1940 " with the right to apply to the court for such alimony in case of failure on the part of plaintiff to make such payments.

It is apparent from the above that the plaintiff herein has at all times sought to stand upon her rights as fixed by the separation agreement and that the defendant's contention is in effect that by her application for temporary alimony in the divorce action she and her counsel unwittingly waived her rights under the separation agreement. With this I cannot agree. The history of all the litigation between the parties with the plaintiff presenting the agreement every time she has been in court indicates that the plaintiff herein has kept herself squarely in the position referred to in *Schmelzel* v. *Schmelzel* (287 N. Y. 21) in which the Court of Appeals said at page 26: " no evidence appears showing that the defendant has repudiated the agreement or in any way has acquiesced in the attempt of the plaintiff to repudiate the agreement. On the contrary, every act of the defendant shows reliance upon the separation agreement ", and the order of Justice MacGregor recognized this and was in line with many decisions of the Appellate Courts such as that

in *Solemene* v. *Solemene* (229 App. Div. 728) in which the court said: " The continued existence of the separation agreement bars the granting of this motion [for alimony and counsel fees]. It does not satisfactorily appear in the record that the defendant breached the agreement or that the agreement did not subsist at the time of the commencement of this action." (See, also, *Johnson* v. *Johnson*, 206 N. Y. 561; *Beebe* v. *Beebe*, 174 App. Div. 408, 415; *Brody* v. *Brody*, 190 App. Div. 806.)

It is my opinion, therefore, that the plaintiff herein is entitled to enforce the separation agreement.

The remaining question in the case is as to the amount she is entitled to by its terms. The evidence is that from June 1, 1940, to December 31, 1947, the defendant received from his employer, after deductions for old age benefits, income taxes and other deductions as to which plaintiff makes no claim, the sum of $26,806.98. This includes the following:

| | |
|---|---:|
| Vacation allowances in 1941 and 1942 | $ 166.86 |
| Cost of living allowances in 1942 | 279.00 |
| Bonus payments 1941–1947 | 4,365.30 |
| Remainder earmarked as salary | 21,995.82 |
| | $26,806.98 |

In my opinion the first two items may fairly be regarded as part of his earnings within the intent of the agreement. On the other hand, under a strict construction of the agreement which I am inclined to favor in spite of the fact that the United States Government makes it liable for income tax the amount paid as bonus may be regarded rather as a gratuity on the part of the employer and not as earnings within the provisions of the agreement and for the purposes of this accounting should be deducted from the above total with a balance of $22,441.68.

The defendant has paid the sum of $80 per month from June 1, 1940, to December 31, 1947, a total of ninety-one months or $7,280. By the terms of the agreement she was entitled to one half of $22,441.68 or $11,220.84, leaving a balance of $3,940.84, with interest upon the unpaid balances from the respective dates when said balances became payable under such terms.

Judgment is directed in accordance with the above with a provision that from December 31, 1947, payments be continued during the life of the agreement in accordance with its terms, with costs to the plaintiff.