■ BARBARA S. HUNTINGTON, Respondent-Appellant, v CHARLES G. HUNTINGTON, JR., Appellant-Respondent. — In an action to enforce a separation agreement, the parties cross-appeal from a judgment of the Supreme Court, Westchester County, dated June 26, 1980, which, *inter alia,* determined that certain items constituted additional income to defendant and that plaintiff was entitled to a 25% share thereof. Judgment modified, on the law, by deleting therefrom the following amounts: $7,569 depreciation; $4,000 from unreported income (representing $2,000 bonuses for 1973 and 1974); and $5,593 from unreported income (representing net premium cost of life insurance for the years 1973 through 1976). As so modified, judgment affirmed, without costs or disbursements, and case remitted to Special Term for entry of an appropriate amended judgment. The principal issue raised on this appeal is what interpretation shall be placed on the words "gross income" as used in the parties' separation agreement and, thereupon, what specific items, such as deductions, benefits and write-offs paid for by defendant's business entities, shall be included or excluded under the interpretation of "gross income". The parties entered into a separation agreement in 1965. They were divorced in 1966. By the terms of the agreement, which did not merge in the judgment of divorce, defendant was to pay the plaintiff alimony representing one fourth of his "gross income". The agreement defined "gross income" to mean "any and all income of the Husband from whatever source derived and without any deductions whatever, computed on a cash basis of accounting, but capital gains shall not be included. In the case of any income from business, 'gross income' shall mean gross receipts of the business excluding capital gains, less proper deductions directly attributable to such receipts, computed on a cash basis of accounting as determined under sound accounting practices." Defendant is a radiologist who, at the time of the separation agreement, conducted his medical practice in a partnership with two other doctors. Subsequently a corporation was formed to take ownership of the radiology equipment and other physical property of the medical practice. In 1972, these two entities were merged into a professional corporation, in which defendant and another doctor were the two

associates. In 1977, a "medical co-partnership" between the same two doctors was formed in connection with the purchase of a CAT scan machine. Essentially it is defendant's position that the business deductions he is allowed to take on his income tax returns for such items as a pension and profit sharing plan, business luncheons, and automobile expenses (16 items were categorized and attached to the judgment as Exhibit A) are proper deductions under the terms of the agreement. Defendant avers that the trial court erred in concluding otherwise and, in any event, double-counted certain of the items even assuming they should have been included at all. It is our view that the trial court was correct in holding that the separation agreement was explicit in defining income and that the standard to be applied was, not that of the Internal Revenue Service. Indeed, had the parties intended that the measure of deductions and income should be tied to the Internal Revenue Code they could easily have so stated (cf. *White v White*, 61 Ad2d 939). As the trial court found, deductions "directly attributable to [gross] receipts" do not include such items as liquor, deferred income, travel and entertainment (unless directly related to the production of income), to name just a few. We find, however, that defendant is correct in contending that three items were incorrectly included. Depreciation is an allowable expense, i.e., it is directly attributable to items used in the production of income. It is not for the court to select which method of depreciation shall be used. Therefore, it was improper to include as income the difference in amount between accelerated and straight line depreciation ($7,569). An examination of the record and the exhibits supports defendant's contention that in each of the years 1973 and 1974 the sum of $2,000 was included under "unreported income", representing a bonus for each year. At the same time, the sum of $3,000 for each of those years was included as "Bonus" income. Therefore, the $2,000 for each year is duplicative of the sum stated as "Bonus" income and should be deducted from unreported income for those years. A further deduction from unreported income should be made in the sum of $5,593 for the years 1973 to 1976. This amount represents, as defendant states, " 'reasonable net premium cost' of life insurance on defendant's life purchased by the pension/profit sharing plan from tax deductible contributions made by the professional corporation for defendant's account". That sum (which was taxable income to defendant under Federal regulations) was stipulated at trial to be "other income" which should have been reported to plaintiff. To include it, as the trial court did, under "unreported income" as well as under "pension", resulted in a double counting. We have examined the remaining contentions of the parties and find them to be without merit. Mollen, P.J., Hopkins, Mangano and Cohalan, JJ., concur.