◼ ELLEN M. KEENE, Respondent-Appellant, v GEORGE T. KEENE, Appellant-Respondent.—Order unanimously affirmed with costs; cross appeal dismissed without costs. Memorandum: In this proceeding by petitioner to enforce a separation agreement and divorce decree, respondent appeals and petitioner cross-appeals from an order that denied respondent's motion to vacate a prior order entered on default. The court properly denied respondent's motion to vacate the default because he showed neither a reasonable excuse for the default nor a meritorious defense to the enforcement proceeding (see, CPLR 5015 [a] [1]; *Fidelity & Deposit Co. v Andersen & Co.*, 60 NY2d 693, 695). In his affidavit, respondent's attorney did not address the reasons for his delay in providing the discovery material and his failure to submit a verified answer in proper form, except to state that he believed that the dispute would be settled. That does not excuse the willful failure to comply with the court's order directing service of a proper answer, and does not explain the failure to contact the court or his opponent for over six months.

With respect to whether respondent showed a meritorious defense to the enforcement application, we conclude that the $117,000 retirement incentive constitutes "current gross income" as that phrase was used in the parties' separation

agreement. We thus conclude that the retirement incentive is subject to petitioner's claim for maintenance, and that the cases cited by respondent (see, Richmond v Richmond, 144 AD2d 549; Harrell v Harrell, 120 AD2d 565; Biddlecom v Biddlecom, 113 AD2d 66) are distinguishable.

Because petitioner is not aggrieved by the order, we dismiss her cross appeal. (Appeals from Order of Supreme Court, Monroe County, Stander, J.—Enforce Divorce Decree.) Present —Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.