■ JEANNETTE W. OTT, Respondent, v W. RICHARD OTT, Appellant. [698 NYS2d 137] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly determined that the agreement of the parties settling their divorce requires defendant to pay maintenance as a percentage of his income as reported in box 5 of his W-2 statements. "The words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties" (*Bottitta v Bottitta*, 194 AD2d 510, 513). It is presumed that an agreement that is prepared by attorneys is "drawn with reference to applicable law" (*Nau v Vulcan Rail & Constr. Co.*, 286 NY 188, 199, *rearg denied* 287 NY 630). By their use of the terms "gross earned income" and "gross earnings", it is apparent that the parties intended that all income derived from defendant's employment, including fringe benefits and perquisites supplied by defendant's employer, be used as the basis for calculating maintenance payments (*see, Keene v Keene*, 175 AD2d 666; *Williamson v Williamson*, 84 AD2d 606, 607, *lv denied* 55 NY2d 604; *Krell v Krell*, 192 Misc 1, *affd* 274 App Div 972, *rearg denied* 274 App Div 1029; *see also, Hickland v Hickland*, 39 NY2d 1, 5, *rearg denied* 39 NY2d 943, *cert denied* 429 US 941). Only the income reported in box 5 of defendant's W-2 form includes the value of those fringe benefits and perquisites. We reject defendant's contention that the doctrine of practical construction applies to this case (*see, Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 651). If the parties intended that maintenance payments be tied to defendant's "gross taxable income", as defendant contends, they could have so provided (*see, Huntington v Huntington*, 80 AD2d 634, 635).

We reject defendant's contention that the court abused its discretion in awarding plaintiff attorneys' fees (*see,* Domestic Relations Law § 238). The court erred, however, in awarding attorneys' fees without a hearing regarding the extent and value of the services rendered (*see, Carlson-Subik v Subik*, 257 AD2d 859; *Morris v Morris*, 251 AD2d 637; *Nee v Nee*, 240 AD2d 478, 479-480). We therefore modify the order by vacating the amount of attorneys' fees awarded, and we remit the matter to Supreme Court for a hearing on that issue. (Appeal from Order of Supreme Court, Allegany County, Nenno, J.— Matrimonial.) Present—Denman, P. J., Pine, Wisner, Pigott, Jr., and Callahan, JJ.