# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**945**

**CA 14-00204**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

MONICA FERRIS, PLAINTIFF-RESPONDENT,

                       V                                MEMORANDUM AND ORDER

DAVID FERRIS, DEFENDANT-APPELLANT.

---

BRIAN MICHAEL MIGA, UTICA, FOR DEFENDANT-APPELLANT.

---

    Appeal from an order of the Supreme Court, Oneida County (Joan E. Shkane, A.J.), dated June 27, 2013. The order, among other things, directed defendant to pay plaintiff the sum of $16,215.36.

    It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the first, second, and fourth ordering paragraphs and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following Memorandum: Defendant husband appeals from an order that, inter alia, granted those parts of plaintiff wife's motion seeking to enforce a judgment of divorce that incorporated but did not merge the terms of the parties' oral stipulation. The judgment provided, inter alia, that the husband would pay $100,000 to the wife by June 18, 2012 and would continuously list the marital residence with Assist 2 Sell.

    Although the husband contends that the wife failed to meet her burden of proving contempt, we note at the outset that there is no finding of contempt against the husband in the order appealed from, and there is no other order in the record containing such a finding. "There is thus no appealable civil contempt determination" (*Matter of Mercado v Frye*, 104 AD3d 1340, 1342, *lv denied* 21 NY3d 859). We reject the husband's further contention that Supreme Court's determination that he willfully failed to comply with the parties' judgment of divorce when he "fail[ed] to relist the property with Assist 2 Sell . . . and fail[ed] to renew the listing with a different agency" is not supported by the record. Having determined that the husband's conduct was willful, the court was also required to award counsel fees in favor of the wife (*see* Domestic Relations Law § 237 [c]). We agree with the husband, however, that a hearing is required to determine the amount of reasonable counsel fees (*see Ott v Ott*, 266 AD2d 842, 842; *cf. Beal v Beal*, 196 AD2d 471, 473). We therefore modify the order by vacating the amount of counsel fees awarded, and we remit the matter to Supreme Court to determine the amount of such fees following a hearing on that issue.

The husband also contends that the court erred in ordering him to pay interest on the $100,000 owed to the wife based on his failure to make that payment by June 18, 2012.  However, we are unable to determine on this record whether the court found that the husband's failure to pay the wife was willful, to require the award of interest pursuant to Domestic Relations Law § 244 (*see Piacente v Piacente*, 93 AD3d 1189, 1190; *cf. Goldkranz v Goldkranz*, 82 AD3d 699, 700).  We therefore further modify the order by vacating that part awarding such interest to the wife, and we direct the court on remittal to make a determination whether the husband's conduct was willful, to require the award of interest.

We have considered the husband's remaining contentions and conclude that they are without merit.

Entered:  October 3, 2014                           Frances E. Cafarell
                                                    Clerk of the Court