O'Neill v O'Neill (2019 NY Slip Op 05934)





O'Neill v O'Neill


2019 NY Slip Op 05934


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


703 CA 18-00553

[*1]THOMAS H. O'NEILL, JR., PLAINTIFF-APPELLANT,
v
ROSE R. O'NEILL, DEFENDANT-RESPONDENT. (APPEAL NO. 4.) 






LAW OFFICE OF RALPH C. LORIGO, WEST SENECA, JAMES P. RENDA, BUFFALO, FOR PLAINTIFF-APPELLANT. 
SCHOEMAN UPDIKE KAUFMAN & GERBER LLP, NEW YORK CITY (BETH L. KAUFMAN OF COUNSEL), AND KENNEY SHELTON LIPTAK & NOWAK LLP, BUFFALO, FOR DEFENDANT-RESPONDENT. 


 Appeal from an amended judgment of the Supreme Court, Erie County (Timothy J. Walker, A.J.) entered March 15, 2018. The amended judgment awarded defendant's counsel the sum of $165,000 in attorneys' fees against plaintiff. 
It is hereby ORDERED that the amended judgment so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In 1984, before getting married, the parties entered into a prenuptial agreement (Agreement), which was incorporated but not merged into their judgment of divorce in 1993. An addendum to the Agreement shows that plaintiff had over $12 million in assets when he entered into it.
In appeal No. 1, plaintiff appeals from an order insofar as it denied his cross motion seeking a downward modification of his maintenance obligation, and defendant cross-appeals from the order insofar as it denied her motion for leave to reargue a prior application seeking, inter alia, maintenance arrears. In appeal No. 2, plaintiff appeals from an order insofar as it granted those parts of defendant's application seeking maintenance arrears and attorneys' fees, and denied his motion for leave to reargue his cross motion. Defendant cross-appeals from the order insofar as it denied those parts of her application to recover medical expenses and life insurance premiums, and granted plaintiff's motion to change the beneficiary on a life insurance policy. In appeal No. 3, plaintiff appeals from a judgment that awarded defendant maintenance arrears and, in appeal No. 4, he appeals from an amended judgment that awarded defendant attorneys' fees.
With respect to appeal No. 1, we reject plaintiff's contention on his appeal that he was entitled to an evidentiary hearing on his cross motion seeking a downward modification of his maintenance obligation. Plaintiff failed to disclose the total value of his then-current assets and thus failed to make the requisite showing of extreme financial hardship (see Sonkin v Sonkin, 137 AD3d 635, 636 [1st Dept 2016]; see generally Domestic Relations Law § 236 [B] [9] [b] [1]; Leo v Leo, 125 AD3d 1319, 1319 [4th Dept 2015]). We dismiss the cross appeal because no appeal lies from an order denying leave to reargue (see Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]).
With respect to appeal No. 2, we dismiss plaintiff's appeal because no appeal lies from an order denying leave to reargue (see id.) and, otherwise, plaintiff's right to appeal from the intermediate order terminated with the entry of the judgment in appeal No. 3 and the amended judgment in appeal No. 4 (see Matter of Aho, 39 NY2d 241, 248 [1976]). We dismiss defendant's cross appeal insofar as she contends that Supreme Court erred in granting plaintiff's motion to change the beneficiary on the subject life insurance policy because "[t]he omission of [*2][plaintiff's motion papers] from the record renders any meaningful appellate review of the . . . order [in appeal No. 2] virtually impossible" (Deutsche Bank Natl. Trust Co. v Hounnou, 147 AD3d 814, 815 [2d Dept 2017]; see Mergl v Mergl, 19 AD3d 1146, 1147 [4th Dept 2005]). Inasmuch as defendant was not entitled to beneficiary status, we reject her contention that the court should have granted that part of her application to recover the premiums that she paid. Furthermore, we dismiss defendant's cross appeal insofar as she contends that the court should have corrected a certain prior order pursuant to CPLR 5019 (a). Because defendant's notices of appeal in appeal Nos. 1 and 2 list specific parts of the orders from which she appealed and did not specify that she was appealing the court's implicit denial of CPLR 5019 (a) relief, she thereby waived her right to appeal from those parts of the orders (see Levitt v Levitt, 97 AD3d 543, 545 [2d Dept 2012]; Sugar Cr. Stores v Pitts, 198 AD2d 833, 833 [4th Dept 1993]; see also CPLR 5515 [1]).
Defendant's sole remaining contention on her cross appeal in appeal No. 2 is that the court erroneously denied that part of her application to recover medical expenses. We agree. When interpreting a contract, we give the words used by the parties their plain meaning (see Brooke Group v JCH Syndicate 488, 87 NY2d 530, 534 [1996]; Fingerlakes Chiropractic v Maggio, 269 AD2d 790, 792 [4th Dept 2000]). Plaintiff agreed to "provide, at his expense, uninterrupted hospital[ and] medical . . . services to [defendant] during her lifetime." In her application, defendant itemized her medical expenses, and plaintiff conceded that defendant incurred the costs alleged. We therefore modify the order in appeal No. 2 by granting that part of defendant's application seeking to recover medical expenses in the amount of $5,412.01, plus 9% interest commencing August 1, 2016.
With respect to appeal No. 3, we reject plaintiff's contention that he was entitled to a hearing on maintenance for the same reasons that we rejected his related contention in appeal No. 1.
With respect to appeal No. 4, we agree with plaintiff that the court erroneously granted that part of defendant's application for attorneys' fees without an evidentiary hearing. "In the absence of a stipulation that an award of counsel fees can be made solely on the basis of the affirmations of counsel, an evidentiary hearing is required so that the court may test the claims of the [moving party's] attorney regarding the extent and value of [his or] her services" (Nee v Nee, 240 AD2d 478, 479 [2d Dept 1997]; see Ott v Ott, 266 AD2d 842, 842 [4th Dept 1999]). Here, plaintiff requested an evidentiary hearing, and thus "a hearing is required to determine the amount of reasonable counsel fees" (Ferris v Ferris, 121 AD3d 1544, 1545 [4th Dept 2014]; cf. Beal v Beal, 196 AD2d 471, 473 [2d Dept 1993]). We therefore reverse the amended judgment in appeal No. 4, and we remit the matter to Supreme Court to determine the amount of such fees following a hearing (see Ferris, 121 AD3d at 1545).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court